**FEDERAL PUBLIC DEFENDER**
Western District of Washington

November 18, 2021

**VIA FIRST CLASS MAIL**

Alison Prout, DOJ-USAO
Northern District of Georgia
Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Email: alison.prout@usdoj.gov

Re:   *United States v. David Charles Rhine*; **1:21-mj-00646-GMH**

Dear Ms. Prout:

Through this letter, I am making a written request for discovery. I further request that we schedule a discovery conference within the time set forth by Local Rule 16. The following are my specific requests:

1. Early disclosure of any *Jencks* material so I will not need to ask for appropriate recesses and continuances during trial. Please have any investigator involved in this case preserve his or her original notes for all interviews, as well as the original notes for any other facet of the investigation, as those notes may be discoverable under *Jencks*, 18 U.S.C. § 3500, or *Brady v. Maryland*, 373 U.S. 83 (1963). I also request that you inform me whether you are withholding any evidence on relevancy or other grounds.

2. All discovery required to be disclosed pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, and as set forth in the local Western District of Washington version of Rule 16.

3. Pursuant to Rule 12(b)(4)(B), please identify any discoverable evidence that the government intends to use in its evidence in chief at trial.

4. Reasonable notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. It is my position that reasonable notice means notice no later than the deadline for filing motions in this case, and certainly no later than 30 days before trial in order for us to "meet and confer" before filing motions in limine as required by Local Criminal Rule 23.2.

*Discovery Letter*
*Re: David Charles Rhine*
*Page 2*

5. All information and material subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995). I further request that you advise me whether you will apply trial-level review to your *Brady* evaluations as set forth in *United States v. Sudikoff*, 36 F. Supp. 2d 1196 (C.D. Cal. 1999), and *United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009), or whether your review at this stage will be under the appellate standard of materiality set forth in *Brady*.

   With respect to government witnesses, we request the following pursuant to *Giglio*:

   a. Any prior criminal convictions and/or arrests and any evidence that the witness has committed or is suspected of committing a criminal act that did not result in an arrest or conviction.

   b. Any payments made to the witness and the dates of such payments, whether in connection with this case or any other case, state or federal.

   c. Any implicit or explicit promises of benefit that have been made by any government agent or agency, state or federal, regarding (i) non-prosecution for any offense, (ii) recommendations of leniency, or (iii) information to be provided at sentencing for any offense.

   d. Any implicit or explicit promises of benefit that have been made to the witness, by any government agent or agency, in any other area, including but not limited to immigration status.

   e. All known occasions on which the witness has made false statements to any person, including but not limited to law enforcement officers or any law enforcement agency or court, and specifically including but not limited to any aliases the witness may have used.

   f. Any false identification document that has ever been in the possession of and/or used by the witness, and every occasion on which the witness is known to have used said document.

   g. Any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his testimony.

*Discovery Letter*
*Re: David Charles Rhine*
*Page 3*

    h.   Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or another controlled substance, or has ever been an alcoholic.

    i.   Any other information that adversely reflects on the credibility of the witness.

    j.   The name of any witness who made an arguably favorable statement concerning the defendant. I also request disclosure of any statement that may be relevant to any possible defense or contention that the defendant might assert. This includes in particular any statements by percipient witnesses.

    k.   Disclosure of any exculpatory witness statements, including negative exculpatory statements, *i.e.*, statements by informed witnesses that fail to mention the defendant.

    l.   I request that you review the personnel records of all law enforcement witnesses and disclose any *Brady* or *Giglio* material contained in those records, pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

6. Preservation of information, evidence, and communications among law enforcement and government attorneys. We request that all notes, texts, emails, and other communication among law enforcement, government, local prosecutors, informants, and witnesses be preserved even if the government does not believe these items are discoverable. Such communications often contain *Jencks* and Rule 26.2 material, and may contain *Brady* or *Giglio* information. With respect to physical or similar evidence, please preserve it in a manner in which it can be viewed and forensically examined by the defense.

7. Please provide all electronic discovery materials in a format that can be easily searched using word searches (OCR), and we will endeavor to do the same with our discovery production.

8. Please advise whether the government will agree to a date for early disclosure of witness and exhibit lists in advance of the presumptive deadlines provided by local Criminal Rule 23.3, and what dates you propose for such disclosure.

9. I request the names, addresses, and locations of any informant or other person who was a percipient witness to a material event in the case, who was a

*Discovery Letter*
*Re: David Charles Rhine*
*Page 4*

    substantial participant in the investigation of the case, or who may have information relevant and helpful to the defense.

    I appreciate your prompt provision of discovery so we may more quickly investigate this case and intelligently determine whether this case should proceed on a trial track or be considered for settlement.

    Sincerely,

Christian Izaguirre
Assistant Federal Public Defender