JUDGE RUDOLPH CONTRERAS

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>DAVID CHARLES RHINE,<br><br>          Defendant. | No. 21-CR-00687 (RC)<br><br>MR. RHINE'S RESPONSE TO THE GOVERNMENT'S MOTION *IN LIMINE* REGARDING CROSS-EXAMINATION OF U.S. SECRET SERVICE WITNESS |

The Court should deny the government's Motion *in Limine* to preclude meaningful cross-examination of its Secret Service witness. The motion is *moot* in part—Mr. Rhine does not intend to question a Secret Service agent about details of the *current* protocol for protecting the Vice President and her family. However, the motion seeks to preclude Mr. Rhine from most cross-examination of the Secret Service witness, including cross-examination that is plainly relevant to the charges the government filed. The government's request, if granted, would violate Mr. Rhine's constitutional rights to cross-examine witnesses against him and to present a complete defense. The Court should therefore deny the motion.

I.   **ARGUMENT**

To the extent the government asks this Court to *only* preclude cross examination into specifics of the Secret Service's protocols to generally protect the Vice President and their family, the Court should deny the motion as moot. Mr. Rhine, through counsel does not intend to inquire about the Secret Service's detailed procedures, evacuation routes, or details for the current protection of the Vice President and their family.

However, the government's motion and proposed order is not so precise. Mr. Rhine maintains the right to cross-examine a witness with knowledge about the precise

RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* REGARDING CROSS-
EXAMINATION OF U.S. SECRET SERVICE
WITNESS
(*United States v. Rhine*, 21-CR-00687 (RC)) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

location of then-Vice President Mike Pence at relevant times on January 6, 2021. As the government acknowledges, that a person protected by the Secret Service, specifically then-Vice President Mike Pence, was "temporarily visiting"[1] the relevant "restricted area" at the time Mr. Rhine is alleged to have committed Counts 1 and 2 is an element of the charges. *See* Dkt. No. 8, Dkt. No. 39 at 3–4. Further, Mr. Rhine's knowledge, or lack thereof, of both the restricted area and the presence of the protected person are relevant. *See* 18 U.S.C. § 1752(a)(1) and (2) (each requiring a mental state of "knowingly").

To challenge the government's proof on these elements, Mr. Rhine must be allowed to cross examine witnesses with knowledge about (1) the precise location of then-Vice President Mike Pence from 2:24 p.m. to 4:47 p.m. (and more specifically 2:42 p.m. to 2:57 p.m.) on January 6, 2021,[2] (2) the precise boundaries of any "restricted area" during this time, (3) how this area was restricted, including by what visible indicators, if any, (4) the purpose for the restriction, and (5) whether the means or area of restriction was atypical or otherwise did not clearly indicate that the area was restricted to protect a secret-service protectee. These areas of inquiry are all relevant to whether the area where Mr. Rhine is alleged to have been was restricted within the meaning of § 1752 and to whether Mr. Rhine knew of such restriction.

In order to convict Mr. Rhine of the crimes charged, the government must prove every element of every charge beyond a reasonable doubt. "'No man should be deprived of his life under the forms of law unless the jurors who try him are able, upon their consciences, to say that the evidence before them . . . is sufficient to show **beyond**

---

[1] Assuming, *arguendo*, the Court accepts the government's advocated reading of this term to include the Vice President's presence at his workplace.

[2] Or the relevant time period in which the government alleges Mr. Rhine committed counts 1 and 2, should it differ from the government's allegations in the complaint. *see* Dkt. No. 1 at 1-2, 5–7.

RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* REGARDING CROSS-
EXAMINATION OF U.S. SECRET SERVICE
WITNESS
(*United States v. Rhine*, 21-CR-00687 (RC)) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

*a reasonable doubt the existence of every fact necessary to constitute the crime charged.*'" *In re Winship*, 397 U.S. 358, 363 (1970) (quoting *Davis v. United States*, 160 U.S. 469, 493 (1895)) (emphasis added); *see also United States v. Gaudin*, 515 U.S. 506, 522–23 (1995) ("The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged."). Indeed, it is the trier of fact, not the government, not the Judge, who applies law to fact as to each element, and Mr. Rhine should not be precluded from eliciting evidence that would cast doubt as to whether the facts of his case amount to each element charge. *See Guadin*, 515 U.S. at 514 ("the jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence.").

The Sixth Amendment further secures Mr. Rhine's right to cross-examine witnesses against him. U.S. Const. Amend VI. Indeed, the Confrontation Clause is violated when a Court precludes a defendant in a criminal case from "engaging in otherwise appropriate cross-examination[.]" *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). While some limitations on cross-examination are permissible, "[r]estrictions on a criminal defendant's rights to confront adverse witnesses and to present evidence 'may not be arbitrary or disproportionate to the purposes they are designed to serve.'" *Michigan v. Lucas*, 500 U.S. 145, 151 (1991) (quoting *Rock v. Arkansas*, 483 U.S. 44, 56 (1987)). Here, if the Court were to grant the government's Motion *in Limine* as written, it would preclude Mr. Rhine from effectively challenging the government's claim about essential elements of Counts 1 and 2, namely—whether Mr. Rhine's alleged conduct even took place within a restricted area as defined in section 1752, and whether Mr. Rhine knew of the purported restriction.

And it matters not whether the government's Secret Service witness honestly believes that a broad perimeter around the Capitol was restricted under section 1752 on

RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* REGARDING CROSS-
EXAMINATION OF U.S. SECRET SERVICE
WITNESS
(*United States v. Rhine*, 21-CR-00687 (RC)) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

1  January 6. In other words, the present perceived credibility of a Secret Service witness

2  does not justify foreclosing effective cross-examination.

> Creating such doubt would have been one of the objectives of cross-examination . . . . The essence of successful cross-examination is in selecting questions that undermine the witness's version of reality. This is not so much a matter of showing a witness to be lying. An effective trial lawyer can often manage to leave the jury with the impression that the witness is too caught up in his own view, his confusions, his own particular slant on things, that it simply does not matter whether the witness believes his own testimony.

*United States v. Foster*, 986 F.2d 541, 544 (D.C. Cir. 1993). Here, cross-examination about the specifics of the claimed broad Secret Service restriction and how this was *atypical* cast doubt on whether (1) the area was restricted within the meaning of section 1752 and (2) whether Mr. Rhine knew, or reasonably could have known, of such restriction. This necessarily requires inquiry into the specifics of the restrictions on January 6, 2021, and general inquiries into how this differed from usual Secret Service restricted areas (so will include some general inquiries about usual Secret Service restricted areas).

Here, Mr. Rhine's cross examination of witnesses regarding Secret Service restrictions around then-Vice President Mike Pence on January 6, 2021, is essential to challenge elements of Counts 1 and 2. The government cannot simply present a map and a witness to claim that the perimeter drawn there constituted a restricted are under § 1752 and preclude further examination of this contention. *See, e.g.*, *United States v. Cuoy Griffin*, 21-cr-00092 (TNM), Dkt. No. 105 at 210–26 (transcript of government's direct of Secret Service Inspector Lanelle Hawa). Rather, Mr. Rhine must be allowed to cross-examine a Secret Service witness about the precise whereabouts of then-Vice President Mike Pence at relevant times. Mr. Rhine must be allowed to cross-examine the witness about the reason, bounds, and methods for any restricted area on January 6, and ways in which this was *not* typical of Secret Service restrictions.

RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* REGARDING CROSS-
EXAMINATION OF U.S. SECRET SERVICE
WITNESS
(*United States v. Rhine*, 21-CR-00687 (RC)) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Some of this cross-examine will entail the *atypical* nature of the restriction here compared to restricted areas generally under section 1752. For example, Inspector Hawa has previously testified that portions of the claimed restricted area on January 6, were "restricted" by bike racks. *See, e.g., id*. at 239. She has also testified that *prior to January 6*, never in her 23 years in the Secret Service is she aware of a section 1752 restricted area where a law enforcement agency *other than* the Secret Service determined the bounds of the restricted area. *See id*. at 232. She further testified that on January 6 the area around the Capitol was restricted due to the building of the inaugural stand in preparation for the upcoming inauguration, the electoral college certification, and COVID. *Id*. at 216. She testified that Mike Pence's "visit" to the Capitol was only a reason for the restriction insomuch as "[h]e was a part of the Electoral College, the certification." *Id*.

Indeed, contrasting this testimony with evidence of what a *typical* restricted area entails casts doubt on the breadth and reason for the restricted area claimed by the government, and thus casts doubt on the relevant elements of Counts 1 and 2. If the restrictions on January 6 were atypical in their breadth and the agency making them, this makes it less likely that the area was actually restricted under section 1752, and less likely that Mr. Rhine knew of such restriction. The evidence need not conclusively disprove the government's theory—it is relevant even if it makes the government's theory less likely. "Evaluating all the evidence on a particular issue is for the jury. Each piece of evidence need not be conclusive: 'A brick is not a wall.'" *See Foster*, 986 F.2d at 545 (quoting 1 MCCORMICK ON EVIDENCE § 185, at 776 (J. Strong ed., 4th ed. 1992)); *see also* Advisory Committee's Note to Fed. R. Evid. 401 (quoting same).

Precluding Mr. Rhine from *any* inquiry into typical Secret Service-restricted areas would deny him his Fifth and Sixth Amendment rights. Mr. Rhine does not intend to cross-examine a Secret Service witness about the specific personnel and measures in

RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* REGARDING CROSS-
EXAMINATION OF U.S. SECRET SERVICE
WITNESS
(*United States v. Rhine*, 21-CR-00687 (RC)) - 5

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

place currently to protect the Vice President and her family. However, he should not be precluded from asking whether the Secret Service (as opposed to some other law enforcement agency) typically designates the area to be restricted, whether a restricted area for a temporary visit by the Vice President typically spans acres, whether restrictions are typically made by unmanned bike racks, etc..

## II.  CONCLUSION

The Court should therefore deny the government's Motion *in Limine*. If read narrowly, the motion is *moot*. However, if read literally, it is quite broad, as seems to be the intent. Precluding cross examination on these topics would deny Mr. Rhine his Fifth and Sixth Amendment rights, and the Court should deny the government's Motion *in Limine*.

DATED this 16th day of November, 2022.

Respectfully submitted,

s/ *Rebecca Fish*
Assistant Federal Public Defender

s/ *Joanna Martin*
Assistant Federal Public Defender

Attorneys for Mr. Rhine

RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* REGARDING CROSS-
EXAMINATION OF U.S. SECRET SERVICE
WITNESS
(*United States v. Rhine*, 21-CR-00687 (RC)) - 6

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710