**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-687 (RC)** |
| | : | |
| **DAVID CHARLES RHINE,** | : | |
| | : | |
| **Defendant.** | : | |

**REPLY IN SUPPORT OF UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE**
**IMPROPER ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Reply in Support of its Motion *in Limine* to Preclude Improper Arguments and Evidence About Law Enforcement.  ECF No. 40.

In its motion *in limine*, the government seeks to preclude the defendant from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds or his conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct.  At the same time, the government has recognized that evidence of law enforcement inaction may be admissible if the defendant "can establish his awareness of the alleged inaction by officers"—either by way of "a good faith proffer outside the presence of the jury" or by "using other evidence" already before the jury.  *United States v. Mels*, No. 21-cr-184 (BAH), at *3 (D.D.C. July 21, 2022); *see also United States v. Williams*, No. 21-cr-377 (BAH), at *4 (D.D.C. June 8, 2022).

The defendant's responses to the narrow ruling requested in the government's motion are either beside the point (because they address relief that the government does not seek) or meritless.

I.      **This Court Should Preclude the Defendant (a) from Arguing Entrapment by Estoppel or That Law Enforcement Inaction Immunized Otherwise Unlawful Conduct; and (b) from Relying on Law Enforcement Inaction of Which the Defendant Was Not Aware**

The defendant has failed to present any evidence to support an entrapment by estoppel defense related to law enforcement or any affirmative defense based on alleged law enforcement inaction; he should accordingly be prohibited from arguing those defenses at trial.

A motion *in limine* is a proper vehicle by which the government may challenge the sufficiency of an affirmative defense before trial. *United States v. Ross*, 206 F.3d 896 (9th Cir. 2000). To entitle a defendant to present an affirmative defense to the jury, his proffer in response to a motion in *limine* must meet the minimum standard as to each element of the defense, so that if a jury finds it to be true, it would support the defense. *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002). Where the evidence proffered in response to a motion *in limine* is insufficient as a matter of law to support an affirmative defense, a pretrial ruling precluding the presentation of the defense at trial is appropriate. *See id.*; *United States v. Robinson*, 180 Fed. App'x. 92 (11th Cir. 2006) (entrapment defense). Here, the defendant has proffered no evidence to support an affirmative defense of entrapment by estoppel, whether based on law enforcement's acts or purported inaction. For that reason alone, the Court should preclude the defendant from asserting any such affirmative defense at trial.

The defendant does contend that supposed evidence of "removal of barriers" by law enforcement and of "inaction by law enforcement in demarcating the alleged restricted area" could be relevant to one of the elements of the 18 U.S.C. § 1752(a) counts: whether, at the time of the defendant's entry, the Capitol grounds and building were a "restricted buildings or grounds."

The defendant's contention is meritless. Section 1752(c)(1) defines the operative term "restricted buildings or grounds" to include, in relevant part, "any posted, cordoned off, or

*otherwise restricted* area … of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."  18 U.S.C. § 1752(c)(1) (emphasis added). For purposes of the "restricted buildings or grounds" element, therefore, the plain terms of Section 1752 do not require that the restricted area be cordoned off, set off with barriers, or demarcated in any particular way.  It is enough that the area be restricted in *some* fashion.  It follows that, while the presence of signs, cordons, and barriers can—and does—prove that the area surrounding the Capitol was indeed restricted, the *absence* of any particular means of demarcation in any particular location at any particular time does not tend to disprove the same element.  Inquiry into those irrelevant issues should therefore be prohibited, especially considering the high likelihood that it could confuse the jury.  See Fed. R. Evid. 403.[1]

## II.    *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021), and Its Progeny Are on Point

Having failed to proffer any evidence supporting an affirmative defense of entrapment by estoppel, the defendant nonetheless attempts (ECF No. 50 at 3-6) to downplay and distinguish *United States v. Chrestman*, 525 F. Supp. 3d 14 (D.D.C. 2021).  In *Chrestman*, another January 6 case, Chief Judge Howell concluded that an entrapment by estoppel argument based on President Trump's conduct was unlikely to succeed.  *Id.* at 31.  The defendant offers no plausible basis to ignore *Chrestman*'s operative principle: that *Cox v. Louisiana*, 379 U.S. 559, 569 (1965) "unambiguously forecloses the availability of the defense [of entrapment by estoppel] in cases

---

[1]     To be sure, the absence of physical demarcation—like the conduct of law enforcement officers more generally—*may* be relevant to a different element of Section 1752(a): the defendant's state of mind as he entered the restricted area on January 6, 2021.  ECF No. 40 at 3-4. But, as the government has already explained, the only facts relevant to that element are those facts that the defendant specifically observed or of which the defendant was otherwise aware.  *Id.* Evidence of law enforcement inaction that the defendant did not observe and of which the defendant was not specifically aware do not bear on any issue relevant in this case.

where a government actor's statements [would] constitute 'a waiver of law' beyond his or her

lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox*, 379 U.S. at 569).  Contrary to

the defendant's assertions, that principle applies equally if a member of law enforcement, as

opposed to the President, assertedly gave permission to the defendant to enter the Capitol building.

Indeed, as the government explained in its motion (ECF No. 40 at 2-3), Chief Judge Howell

expressly found, in a post-*Chrestman* decision in another January 6 case, that "the logic in

*Chrestman* … applies with equal force to government actors in less powerful offices, such as law

enforcement officers protecting the U.S. Capitol Building."  Memorandum and Order, *United*

*States v. Williams*, No. 21-cr-377 (BAH), at *2 (D.D.C. June 8, 2022); *see also* Memorandum and

Order, *United States v. Mels*, No. 21-cr-184 (BAH), at *2 n.1 (D.D.C. July 21, 2022) (same as

*Williams*).  The defendant cannot distinguish *Williams* and *Mels* from this case.

### III.     If the Court Reaches the Issue, This Court Should Preclude the Defendant from Relying on Statements by Former President Trump Unless the Defendant Shows That He Was Aware of Those Statements When He Committed the Offenses

Veering off the narrow relief sought in the government's motion *in limine*, the defendant

claims that he should be allowed to introduce "limited statements by former President Trump on

January 6" to "challenge knowledge."  ECF No. 6-7.  Because the government's motion did not

seek to preclude the defendant from offering such evidence, the Court need not consider the

defendant's detour at this time.  If the Court reaches the issue, however, it should rule that such

evidence may be admissible only to the extent the defendant makes an appropriate showing that

he was personally aware of those statements when he committed the criminal offenses charged in

the Information.

For the reasons discussed in *Chrestman*, in the government's motion *in limine*, and in this

reply, no statements by former President Trump or any other official could constitute a waiver of

law beyond his or her lawful authority and, therefore, cannot support an affirmative defense of entrapment by estoppel.   At the same time, consistent with the position asserted in the government's motion *in limine*, it is possible that evidence of statements made by former President Trump may be relevant to the defendant's mental state when he entered the restricted area.   But, again, evidence of such statements could be relevant to the defendant's mental state "only if defendant can establish his awareness" of those statements at the time of his unlawful conduct— either by way of "a good faith proffer outside the presence of the jury" or by "using other evidence" already before the jury.   *Mels*, No. 21-cr-184 (BAH), at *3; *see also Williams*, No. 21-cr-377 (BAH), at *4.   As already explained, if the defendant was not aware of a particular statement at the time of his unlawful entry or other unlawful conduct, the statement could not logically have informed the defendant's mental state.   Accordingly, if the Court reaches the issue, it should preclude the defendant from relying on such statements unless he can make the requisite showing.

## CONCLUSION

For the reasons set forth herein and in the government's motion *in limine* (ECF No. 40) and in this reply, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

Dated November 23, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Francesco Valentini*
FRANCESCO VALENTINI
D.C. Bar No. 986769
Trial Attorney
United States Department of Justice, Criminal Division
Detailed to the D.C. United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 598-2337
francesco.valentini@usdoj.gov