1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | ) | Criminal No. 21-CR-687 (RC) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPLY TO GOVERNMENT'S |
| v. | ) | RESPONSE IN OPPOSITION TO MR. |
| | ) | RHINE'S MOTION TO DISMISS |
| DAVID CHARLES RHINE, | ) | COUNTS 1 AND 2 |
| | ) | |
| Defendant. | ) | |

11
12
13
14

The government raises contradictory arguments to attempt to justify its unprecedented use of 18 U.S.C. § 1752 to prosecute Mr. Rhine for walking in the Capitol Building with a flag, while the Building was not restricted by the Secret Service. The Court should reject these arguments.

15  **I.    ARGUMENT**

16
17
18
19
20
21
22
23
24
25
26

First, the government's advocated reading invites constitutional error. Thus, even if plausible, the Court should reject this reading. Second, if the Court accepts the government's reading of the statute, the government's use of the statute here violates the non-delegation doctrine. The government asks the Court to disregard the history and context of the statute—factors that are key to non-delegation analysis—and presents no evidence that Congress provided a clear delegation or that it intended to give the executive unfettered ability to define what conduct is criminal under the statute. Third, the Court should not accept the government's invitation to examine the problematic vagaries in the statute in isolation. Rather, the precedent affirms that multiple vague factors may in sum render a statute unconstitutional. Finally, the Court should reject the government's attempt to limit consideration of Mr. Rhine's facial challenges to the

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTION TO DISMISS
(*United States v. Rhine*, 21-CR-687) - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

statute. Indeed, current caselaw affirms that such challenges do not require a heightened standard of review and are, in fact, important means of protecting the Constitution.

A.   **The Court should reject the government's interpretation of 18 U.S.C. § 1752 to avoid the constitutional problems created by this interpretation.**

The government's advocated reading of the statute invites constitutional error and should be rejected. The government has advocates for an exceedingly broad reading of 18 U.S.C. § 1752. Under the government's reading, the statute allows prosecution of anyone who traverses any cordoned off or "otherwise restricted" area, that has been so restricted by *any* party for *any* purpose, so long as a person protected by the Secret Service also is or will be temporarily visiting the area. Further, the government implores that "temporarily visiting" really means only physically present and may apply to a protectee's regular place of employment. *See* Dkt. No. 56 at 6–14.

As previously argued, such interpretation should be rejected. *See* Dkt. No. 46 at 3–9. Indeed, under the government's reading, it has the unfettered ability to criminally prosecute people in the vicinity of a Secret Service protectee under § 1752. For example, the Vice President may be visiting a park with her husband and may stop to use a restroom. If a passerby wanted to also use the public restroom, and the Vice President's husband stood in front and said—"you can't go in there, my wife is in there"—the passerby in need of a restroom could be subject to criminal prosecution for passing and using the public restroom. As argued previously, and again below, this reading presents serious constitutional problems. The Supreme Court has "instructed 'the federal courts . . . to avoid constitutional difficulties by [adopting a limiting interpretation] if such a construction is fairly possible.'" *Skilling v. United States*, 561 U.S. 358, 406, (2010) (quoting *Boos v. Barry*, 485 U.S., 312, 331 (1988)). This Court should heed these instructions and reject the government's unconstitutional reading of § 1752.

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTION TO DISMISS
(*United States v. Rhine*, 21-CR-687) - 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

**B.     If the Court accepts the government's interpretation, the statute violates the non-delegation doctrine and the government has presented no evidence that Congress intended to allow the executive branch to exercise such broad authority.**

After fighting vigorously for an expansive reading of § 1752, a reading necessary to sustain the charges here, the government offers *no* evidence that Congress intended to give the executive branch such expansive powers. Indeed, even under the intelligible principle test, the government's advocated interpretation of the statute includes *no* clarity on the key required areas. A statute may pass this test if "'Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority.'" *Mistretta v. United States*, 488 U.S. 361, 372–73 (1989) (quoting *American Power & Light Co. v. SEC*, 329 U.S. 90, 105 (1946)). Yet, under the government's reading, § 1752 includes no parameters nor clarity in these fields.

First, the government argues that the operative agency delegation is the delegation to various law enforcement agencies to restrict different areas. *See* Dkt. No. 56 at 17–18. However, this misunderstands Mr. Rhine's argument. The agency exceeding its delegation is the Department of Justice (DOJ). The DOJ here seeks to exercise its authority to prosecute people under § 1752 any time that a person transgresses an area in where a Secret Service protectee is or will be present. However nothing in § 1752, nor its history and context, suggests that Congress intended to further such a broad policy. Nor, does this reading provide for clear boundaries to this supposed delegation to the DOJ. While the government argues strenuously for the Court to ignore the context and history of the statute in interpreting it, such context and history is *key* to non-delegation analysis. *See Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019). Yet, the government fails to account for this in claiming a valid delegation.

The government's policy-driven arguments are also unavailing. Indeed, the Supreme Court has affirmed that courts are to "presume that Congress intends to make major policy decisions itself, not leave those decisions to agencies*." West Virginia v.*

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTION TO DISMISS
(*United States v. Rhine*, 21-CR-687) - 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

*EPA*, 142 S. Ct. 2587, 2609 (2022) (internal quotation omitted). Thus the government's arguments about the purported "absurdity" of a scheme that would criminalize trespass against restrictions set by Capitol Police differently from restrictions set by the Secret Service to protect its protectees is inapposite. *See* Dkt. No. 56 at 20.[1] Congress, not the DOJ nor any executive branch agency, is responsible for defining crimes and punishments. The DOJ may not redefine criminal laws to prosecute all manner of wrongdoing, but rather are confined to prosecuting the crimes that Congress defines. *See United States v. Evans*, 333 U.S. 483, 486 (1948) ("defining crimes and fixing penalties are legislative . . . functions"); *cf. Kelly v. United States,* 140 S. Ct. 1565, 1571 (2020) (reversing conviction under DOJ's broad reading of certain federal fraud statute as in excess of the statutorily defined crime) ("That requirement [to prove the intent element that the government sought to reinterpret], this Court has made clear, prevents these statutes from criminalizing all acts of dishonesty by state and local officials.").

Furthermore, the government presents no evidence to support its contention that Congress intended to delegate such sweeping prosecution authority to the DOJ. "Where the statute at issue is one that confers authority upon an administrative agency, that inquiry must be 'shaped, at least in some measure, by the nature of the question presented'—whether Congress in fact meant to confer the power the agency has asserted." *West Virginia*, 142 S. Ct. at 2607–08 (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159 (2000)). The government has pointed to no evidence that Congress intended to allow the DOJ to use § 1752 to prosecute any person who

---

[1] Arguing: "Under the defendant's theory, therefore, Secret Service protectees would perversely receive weaker protections in the restricted areas of the U.S. Capitol – the site of sacred constitutional proceedings such as the Certification of the Electoral College and the State of the Union – than in any other restricted area they temporarily visit anywhere and at any time in the United States." Notably, the government's conclusion is also incorrect. The government could potentially still prosecute someone under section 1752, even within the Capitol, *if* the Secret Service restricted the relevant area around the protectee.

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTION TO DISMISS
(*United States v. Rhine*, 21-CR-687) - 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

encroaches on an area restricted by *any* party for *any* reason in an area where Secret Service protectee is or will be present. Rather, the history and context of the statute affirms Congress only intended to enable prosecutions under the statute for encroachments on restricted areas delineated by the Secret Service for the purpose of protecting its protectees in irregular locations (and certain defined locations not relevant here). *See* Dkt. No. 46 at 4–6.

### C.   The Court should reject the government's attempt to divide and conquer the vagueness problems in the statute.

The government argues that § 1752 is sufficiently clear to impose criminal liability by isolating the various vague elements from one another, and arguing that the *mens rea* element of the statute can further save it from vagueness. These arguments are unavailing.

First, the combination of multiple vague elements of a criminal statute may render it unconstitutionally vague. Indeed, when invalidating the crime of violence residual clause in *Johnson v. United States*, the Supreme Court explained: "Each of the uncertainties in the residual clause may be tolerable in isolation, but 'their sum makes a task for us which at best could be only guesswork.'" 576 U.S. 591, 601–02 (2015) (quoting *United States v. Evans*, 333 U.S. 483, 495 (1948)). Here, the combination of the vagueness in the meaning of "restricted area," the meaning of "temporarily visiting," the lack of causal connection between the restricted area and the visit, and the meaning of disorderly conduct, among other issues, render the statute impermissibly vague.

The government also claims that the statute's *mens rea* element can save it from these various vagueness issues. While a "scienter requirement ***may*** mitigate a law's vagueness," it does not necessarily save a vague law. *Village of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 499 (1982) (emphasis added). Notably, the scienter requirement primarily addresses only one vagueness problem—"the adequacy of notice to the complainant that his conduct is proscribed." *Id.* The scienter requirement does

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1  nothing to mitigate the second vagueness problem—that a vague statute "authorizes or

2  even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S.

3  703, 732 (2000). The utter lack of clear parameters for what conduct may be criminalized

4  under the government's interpretation of the statute continue to encourage selective and

5  unfair enforcement. Indeed, in a previous trial, the government's Secret Service

6  witness—Inspector Lanelle Hawa—testified that *prior to January 6*, never in her 23 years

7  in the Secret Service is she aware of a § 1752 restricted area where a law enforcement

8  agency *other than* the Secret Service determined the bounds of the restricted area. *See*

9  *United States v. Cuoy Griffin*, 21-cr-00092 (TNM), Dkt. No. 105 at 232 (transcript of

10  testimony). The Court should reject the government's argument.

       **D.    The Court should reject the government's skepticism of facial**
            **challenges because facial challenges are necessary to challenge the**
            **chilling effect of unconstitutional laws, and, in any event, the statute**
            **is unconstitutional as applied to Mr. Rhine's case.**

14        The government implores the court to disfavor Mr. Rhine's facial challenges to

15  the statute as unconstitutional under the Fifth and First Amendments. *See* Dkt. No. 56 at

16  22 (citing *Members of the City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800

17  (1984)). However, the Court in recent years has approached facial challenges with care

18  and concern, not skepticism. Indeed, in *Johnson*, the Supreme Court required no

19  heightened showing that the vague residual clause was impermissible in all its

20  applications. *See Johnson*, 576 U.S. at 603 ("It seems to us that the dissent's supposed

21  requirement of vagueness in all applications is not a requirement at all, but a tautology:

22  If we hold a statute to be vague, it is vague in all its applications (and never mind the

23  reality)."); *see also United States Telecom Ass'n v. Fed. Commc'ns Comm'n*, 825 F.3d

24  674, 735–36 (D.C. Cir. 2016) (recognizing *Johnson*'s rejection of the supposed

25  heightened bar for a facial vagueness challenge).

26

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTION TO DISMISS
(*United States v. Rhine*, 21-CR-687) - 6

                     **FEDERAL PUBLIC DEFENDER**
                    **1331 Broadway, Suite 400**
                        **Tacoma, WA 98402**
                        **(253) 593-6710**

1    Further, it is well established that facial challenges to statutes that chill First

2    Amendment activity are not only permitted, but necessary for protection of the right.

3    Criminal statutes "that make unlawful a substantial amount of constitutionally protected

4    conduct may be held facially invalid even if they also have legitimate application." *City*

5    *of Houston v. Hill*, 482 U.S. 451, 459 (1987). When a law chills First Amendment

6    protected activities, "[t]he objectionable quality of vagueness and overbreadth does not

7    depend upon absence of fair notice to a criminally accused or upon unchanneled

8    delegation of legislative powers, but upon the danger of tolerating, in the area of First

9    Amendment freedoms, the existence of a penal statute susceptible of sweeping and

10   improper application." *N.A.A.C.P. v. Button,* 371 U.S. 415, 432–33 (1963). The Court

11   should reject the government's attempt to raise the bar that Mr. Rhine must meet to

12   succeed on his facial attacks on the statute.

13   In any event, the § 1752 charges are unconstitutionally vague, overbroad, and

14   violative of the First Amendment as applied to Mr. Rhine. In an as applied vagueness

15   challenge, "the vagueness doctrine's fundamental concern [is] that parties have fair notice

16   that they are subject to an enactment[.]" *United States v. Thomas*, 864 F.2d 188, 196

17   (D.C. Cir. 1988). Here, Mr. Rhine's alleged conduct is not clearly proscribed by the

18   statute in question.

19   The government has alleged that Mr. Rhine walked into the Capitol Building while

20   then-Vice President Mike Pence was present, that he walked carrying a flag,[2] that he

21   complied with law enforcement commands, and that he left. *See* Dkt. No. 1. The

22   government does not allege that the Secret Service was restricting access to the Capitol

[2] The government incorrectly asserts in its various responses that Mr. Rhine was carrying cowbells. There is no evidence nor allegation that Mr. Rhine was carrying cowbells, nor any other noise-making items. The Court should strike and not consider the government's errant assertions. If, rather than misunderstanding its own evidence, the government is now claiming that Mr. Rhine had some sort of noisemaker on his person, Mr. Rhine requests an evidentiary hearing to resolve this dispute of fact.

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTION TO DISMISS
(*United States v. Rhine*, 21-CR-687) - 7

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1   Building on the day in question. The government's application of the statute to a man

2   walking with a flag and obeying law enforcement commands cannot stand. Not only does

3   such application infringe on First Amendment activity (namely, the ability of citizens to

4   carry or wear expressive garments), but also it falls firmly outside of conduct that a

5   reasonable person would understand to be disorderly or unlawful. The Court should find

6   that the statute, and its application to Mr. Rhine, violate the Fifth and First Amendments.

7   **II.     CONCLUSION**

8       The Court should protect the Constitutional rights of Mr. Rhine and of all citizens

9   by holding that § 1752, and the government's use of it here, is unconstitutional. As such,

10  the Court should dismiss Counts 1 and 2 of the Information.

11

12      DATED this 7th day of December 2022.

13                          Respectfully submitted,

14

15                          *s/ Rebecca Fish*
                            *s/ Joanna Martin*
16                          Assistant Federal Public Defenders
                            Attorneys for David Charles Rhine
17

18

19

20

21

22

23

24

25

26

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**