1
2
3
4
5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID CHARLES RHINE,<br><br>       Defendant. | Criminal No. 21-CR-687 (RC)<br><br>REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO MR. RHINE'S MOTIONS *IN LIMINE* TO: (A) PRECLUDE THE GOVERNMENT FROM INTRODUCING ANY EVIDENCE REGARDING THE ALLEGATION THAT MR. RHINE HAD TWO POCKET KNIVES AND A SMALL CONTAINER OF PEPPER SPRAY; (B) PRECLUDE THE GOVERNMENT FROM ARGUING, OR PRESENTING EVIDENCE IN SUPPORT OF, VICARIOUS LIABILITY; (C) PRECLUDE THE USE OF PREJUDICIAL TERMINOLOGY; AND (D) PRECLUDE THE GOVERNMENT FROM INTRODUCING IN ITS CASE-IN-CHIEF EVIDENCE NOT YET PRODUCED IN DISCOVERY OR PROPERLY NOTICED AS OF THE DATE OF THIS FILING. |

21
22
23
24
25
26

The Court should grant Mr. Rhine's Motions *in Limine* to ensure he receives a fair trial. The government's Response in opposition to these motions demonstrates why the requested orders are necessary. Indeed, the government, in its filing, exhibits its intent to skew the presentation of evidence in its favor, to improperly inflame jurors' passions, and to introduce evidence without proper disclosure.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.     ARGUMENT

### A.     The government concedes the problematic destruction of evidence and argues that it does not arise to the legal standard required for dismissal, but does not refute the availability of secondary remedies.

The government argues primarily that the destruction of evidence here does not constitute constitutional error because the evidence in question did not have evident exculpatory value at the time the government destroyed it. *See* Dkt. No. 58 at 6 (citing *California v. Trombetta*, 467 U.S. 479, 489 (1984)). While this standard is required to support dismissal due to destroyed evidence, it is not required for secondary remedies. Even where the government's destruction of evidence is not so egregious to require dismissal, its negative impact on a criminal defendant's constitutional rights may nonetheless require other remedies. *See United States v. Loud Hawk*, 628 F.2d 1139, 1152 (9th Cir. 1979) (Kennedy, J., concurring), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (even if the violation does not meet the standard for dismissal, "the court may still impose sanctions including suppression of secondary evidence."); *see also Zhi Chen v. D.C.*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) (outlining the standard for an adverse inference instruction).

Indeed, the government's concession and recitation of the problematic and unreliable testimony it hopes to present regarding the destroyed evidence highlights the importance of excluding such a sideshow. As the government acknowledges, there is ample ground to impeach the officer's proposed testimony and the testimony has only marginal probative value (indeed, whether or not it is probative *at all* is disputed). Dkt. No. 58 at 3–7. The proposed testimony is precisely the type of evidence that Rule 403 was intended to exclude, even if it has marginal relevance. The Court should grant Mr. Rhine's motion to exclude the proposed testimony regarding destroyed evidence.

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTIONS *IN LIMINE*
(*United States v. Rhine*, 21-CR-687) - 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

**B.** **The government's argument demonstrates its intent to ask the jury to convict Mr. Rhine based on the conduct of others, emphasizing the need for the requested order.**

The government asks this Court to allow it to rely on *other people's conduct* to prove the *actus reus* and effect elements of the disorderly conduct charges. *See* Dkt. No. 58 at 8–9. To allow the government to proceed with this plan would violate Mr. Rhine's right to due process. *See Scales v. United States*, 367 U.S. 203, 224 (1961) ("In our jurisprudence guilt is personal"); *United States v. Decker*, 543 F.2d 1102, 1103 (5th Cir. 1976), ("holding one vicariously liable for the criminal acts of another may raise obvious due process objections").

The Court should not allow such arguments. The government seeks to introduce evidence of the conduct of other people who were neither in the immediate proximity of Mr. Rhine nor in any sort of conspiracy or coordination with him. *See* Dkt. No. 58 at 8–9. But such evidence cannot satisfy the *actus* or effect elements of the disorderly conduct charges *against Mr. Rhine*. To allow this would impermissibly lighten the government's burden. Mr. Rhine cannot be held liable for the crimes of another person. And the government's "collective action" theory is not supported by principles of criminal liability, but rather is a more convenient way for the government to argue its case. *See id*. The Court should preclude the government from arguing such a theory of liability or from introducing evidence of the actions of others—particularly others unconnected to and unseen by Mr. Rhine.

The government's argument that the actions of others *that were witnessed* by Mr. Rhine may have relevance to his intent has more basis in law. *See* Dkt. No. 58 at 9–10. However, the government seeks an *imbalanced* standard for when evidence of actions that Mr. Rhine may have witnessed is admissible. Indeed, in its own Motion *in Limine* the government seeks to preclude Mr. Rhine from introducing evidence of the actions or inactions of law enforcement personnel "unless the defendant shows that, at the

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTIONS *IN LIMINE*
(*United States v. Rhine*, 21-CR-687) - 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

relevant time, **he specifically observed** or was otherwise aware of some alleged inaction by law enforcement[.]" Dkt. No. 40 at 4 (emphasis added). By contrast, the government argues it should be able to introduce evidence of the actions of any other civilians and Mr. Rhine may merely be left to "argue – if the evidence supports it – that the defendant failed to see, hear, or understand what was happening around him. But the defense should not be able to convert this argument into a legal principle which treats the events happening around the defendant as irrelevant." Dkt. No. 58 at 10. Imposing different admissibility standards to similar evidence based on which party the evidence favors would violate fundamental fairness. The government cannot have its cake and eat it too. Therefore, the Court should grant Mr. Rhine's motion to preclude the government from introducing irrelevant and improper evidence of the conduct of other people, unconnected to Mr. Rhine.

> **C.**     **The Court should order the government and its witness to refrain from using language that is inflammatory or indicates an opinion or conclusion as to guilt because the government evidently intends to appeal to jurors' strong feelings about the events of January 6, 2021.**

The Court should be alarmed by the government's efforts to cling to inflammatory and biased language. The government claims that its use of words like rioter and insurrectionist are necessary "to describe the nature and gravity of the defendant's conduct." Dkt. No. 58 at 12. It bases this argument in various Judges' descriptions of *other people's* conduct during sentencing hearings, after those people *were adjudicated as guilty*. *See id*. at 11–12. But such descriptions have no bearing on Mr. Rhine's case. The government has alleged no violence, no storming, no resistance by Mr. Rhine. The use of terms meant to describe the violent actions of others would only serve to inflame jurors' prejudices and improperly convey government counsel's and witness's personal opinions of guilt.

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTIONS *IN LIMINE*
(*United States v. Rhine*, 21-CR-687) - 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

It is well established that prosecutorial commentary "is improper if it is aimed at inflaming the passions of the jury, . . . or if it invites the jury to convict the defendant in order to punish or deter other persons not on trial[.]" *United States v. Jackson*, 898 F.3d 760, 765 (7th Cir. 2018) (internal quotations omitted). Additionally, a prosecutor's "personal opinion [] has no place at trial." *United States v. Bess*, 593 F.2d 749, 754 (6th Cir. 1979) (citations omitted). The Court should preclude the government from using its desired inflammatory terminology. The government's Response demonstrates the necessity of such an order.

> **D.     The government's actions illustrate the need for a discovery cut-off order.**

The government claims that a discovery cut off is unnecessary. *See* Dkt. No. 58 at 12–13. However, the government's own actions highlight the need for Court supervision of its discovery disclosure. For one, the government states: "As of this filing, the government does not expect to introduce into evidence at trial any evidence or testimony that has not already been disclosed in discovery or properly noticed." *Id*. But immediately prior to filing its response, well over a year after the government charged Mr. Rhine in this case, and only *after* Mr. Rhine's request, the government disclosed for the first time new material discovery that requires further investigation. And the government has yet to identify its intended witnesses and exhibits at trial, after repeated requests from defense counsel, so that Mr. Rhine may meaningfully comply with this Court's requested joint pre-trial briefing and prepare for trial.

Furthermore, the government alludes in its pleadings to evidence, sometimes in vague terms, that it claims it will introduce at trial but has not properly disclosed or noticed in discovery. For example, the government states it intends to call various Capitol Police officers to, among other things, opine "that the Capitol Police assessed every member of the mob to be an active threat." Dkt. No. 58 at 8. Such testimony

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTIONS *IN LIMINE*
(*United States v. Rhine*, 21-CR-687) - 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

1  would constitute expert testimony that has not been properly noticed to defense counsel.

2  The government's actions confirm that the Court's supervision is necessary. The Court

3  should impose a discovery cut off and preclude the government from introducing

4  evidence at trial that has not yet been produced or properly noticed in discovery.

5  **II.     CONCLUSION**

6          The Court should grant Mr. Rhine's Motions *in Limine* to ensure he receives a

7  fair trial. Rather than refute these motions, the government's Response underscores the

8  necessity of the requested orders.

9          DATED this 7th day of December, 2022.

10                                         Respectfully submitted,

11

12                                         s/ *Rebecca Fish*
                                           s/ *Joanna Martin*
13                                         Assistant Federal Public Defenders
                                           Attorneys for David Charles Rhine
14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY TO GOVERNMENT'S RESPONSE RE:
MOTIONS *IN LIMINE*
(*United States v. Rhine*, 21-CR-687) - 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**