UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-687 (RC) |
| DAVID CHARLES RHINE | |

**JOINT PROPOSED *VOIR DIRE* QUESTIONS**

Pursuant to the Court's August 12, 2022, Pretrial Order, the parties submit these proposed *voir dire* question. Where the parties disagree about a particular *voir dire* question, the disagreement is noted after the disputed question.

## I. Proposed *Voir Dire* Questions As To Which The Parties Agree

1. Do you live outside of the District of Columbia?

2. Do you live or work at or near the U.S. Capitol Building?

3. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

4. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021? If yes, approximately how many times have you seen videos, in whole or in part, and from what source (e.g. website, news channel, or social media platforms)?

5. Do you know or are you acquainted with the defendant in this case, David Charles Rhine?

6. Have you seen or heard anything in the news or elsewhere about David Rhine?

7. Have you ever watched video of Mr. Rhine related to January 6, 2021, on the news or on the Internet? If yes, approximately how many times have you seen videos of Mr. Rhine, in whole or in part, on TV or on the internet?

8. Have you seen or heard anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

9. The government is represented in this case by Trial Attorney Francesco Valentini and Assistant United States Attorney Kelly Moran. (Please have them stand and introduce themselves.) Do you know Mr. Valentini or Ms. Moran?

10. Do you know or are you acquainted with Mathew M. Graves, the United States Attorney for the District of Columbia?

11. Mr. Rhine is represented in this case by Attorneys Rebecca Fish and Joanna Martin. (Please have them stand and introduce themselves.) Do you know Ms. Fish or Ms. Martin?

12. (Introduce courtroom personnel.) Do you know or are you acquainted with any of these individuals?

13. Are you related to, or acquainted with, any one of the following witnesses which the government may call? (Please have government read list of witnesses.)

14. Are you related to, or acquainted with, any one of the following witnesses which Mr. Rhine may call? (Please have defense read list of witnesses.)

15. There are many people on this jury panel. Do you recognize another member of the panel as being a relative, close friend, or associate?

16. I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer. Do you have such strong feelings or opinions about police, either positive or negative, that would make it difficult for you to follow this instruction?

17. The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant. While it is a strict and heavy burden, it is not an impossible burden. The government, for example, is not required to prove guilt beyond all doubt. Would anyone hold the government to a higher burden than beyond a reasonable doubt?

18. All people charged with a crime have the constitutional right not to testify at trial, and if Mr. Rhine decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

19. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

20. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, Tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

**The next four questions relate to you, members of your immediate family, and close personal friends.**

21. Does anyone in this group (that is, you, members of your immediate family, or close personal friends) work for, or have previously worked for, any law enforcement agency? This

includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Capitol Police. It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

22. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever attended law school, worked as a lawyer, or worked in a law office?

23. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been arrested for, charged with, or convicted of a crime, other than traffic violations?

24. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been the victim of or witness to a crime?

25. Have you had any experience as a juror? Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

26. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or jail sentence that I may impose if a guilty verdict is returned?

27. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

28. Do you have any health or medical problems that would interfere with your ability to listen carefully and pay attention to the testimony in this case?

29. Do you have any difficulty speaking, reading, writing or understanding the English language?

30. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case by returning a verdict of guilty?

31. We expect the presentation of evidence in this case to conclude this week. After the close of evidence, the jury will deliberate until it reaches a decision, which may extend into next week. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

32. My final question is a catchall question. Are there any other reasons that I have not asked about, that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

## II. *Voir Dire* Questions As To Which The Parties Propose Different Formulations

1. Government's Proposal: Do you have such strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, such that you would be unable to follow my instructions on the law and be a fair and impartial juror in this case?[1]

   Mr. Rhine's Proposal: Do you have any strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021? If yes, what are those feelings?[2]

2. Government's Proposal: Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that it would impact your ability to be fair and impartial in this case?[3]

---

[1] The government maintains that its proposed formulation of this question is more narrowly tailored to the objective of jury *voir dire* – *i.e.*, identifying those jurors whose bias or prejudices are so strong as to "'prevent them from returning a verdict according to the law and evidence.'" *United States v. Tsarnaev*, 142 S. Ct. 1024, 1034 (2022). The defendant's proposed formulation, in contrast, improperly focuses on what a juror may know or believe *before* coming to court, rather than his or her potential bias. *Id.* at 1027. The defendant's open-ended phrasing, moreover, invites unfocused narrative answers that are likely to produce unmanageable information of minimal value and yet may dominate the entire *voir dire*.

[2] Mr. Rhine maintains that the government's formulation is not likely to invite candid responses. A question that tells the potential juror what the right or desired answer is, particularly when posed by an authority figure, is likely to cause jurors to simply give the desired answer, rather than to share their feelings candidly. *See* Dkt. 60 at 3–4 (citing sources). Mr. Rhine proposes questions that do *not* indicate a preferred answer. The Court and the parties are of course free to follow up to determine the strength of any bias and whether it is disqualifying.

[3] *See supra* note 1.

Mr. Rhine's Proposal: Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election? If yes, what are those feelings?[4]

## III. *Voir Dire* Questions Proposed By Mr. Rhine, To Which The Government Objects

1. What do you believe happened at the U.S. Capitol on January 6, 2021?

Government's Objections: The question is insufficiently tailored to the objective of jury *voir dire* – *i.e.*, identifying those jurors whose bias or prejudices are so strong as to "'prevent them from returning a verdict according to the law and evidence.'" *United States v. Tsarnaev*, 142 S. Ct. 1024, 1034 (2022). The question improperly focuses on what a juror may know or believe *before* coming to court, rather than his or her potential bias. *Id.* at 1027. The question's open-ended nature, moreover, invites unfocused narrative answers that are likely to produce unmanageable information of minimal value and yet may dominate the entire *voir dire*.

Mr. Rhine's Response: The government overstates the holding in *Tsarnaev*. The Court in *Tsarnaev* merely held that a district court was not ***required*** to ask a particular question that asked jurors to list *all* the things they had learned about the case from media reports. *See United States v. Tsarnaev*, 142 S. Ct. 1024, 1027, 1034–35 (2022). Furthermore, the district court in that case asked numerous *other* questions, many of which invited narrative responses, regarding jurors pre-existing beliefs about the case, media exposure, and potential bias, and allowed for attorney-conducted *voir dire*:

> The Court summoned an expanded jury pool of 1,373 prospective jurors and used the 100-question juror form to cull that down to 256. The questionnaire asked prospective jurors what media sources they followed, how much they consumed, whether they had ever commented on the bombings in letters, calls, or online posts, and, most pointedly, whether any of that information had caused the prospective juror to form an opinion about Dzhokhar's guilt or punishment. The court then subjected those 256 prospective jurors to three weeks of individualized voir dire in which the court and both parties had the opportunity to ask additional questions and probe for bias. Dzhokhar's attorneys asked several prospective jurors what they had heard, read, or seen about the case in the media.

*Id*. at 1035.

---

[4] *See supra* note 2.

2. Do you believe that any civilian who was present at the Capitol that day is guilty of a crime?

Government's Objections: Same objections as to question III.1, *supra*.

Mr. Rhine's Response: The question is proper to determine if a juror would improperly convict Mr. Rhine based on mere presence, as opposed to proof beyond a reasonable doubt of every element of each charge.

3. Have you seen news reports or otherwise heard that members of the proud boys, and other groups with white nationalist and racist views were present at the U.S. Capitol on January 6, 2021? Do you believe that all or most civilians present at the Capitol that day share these views?

Government's Objections: Same objections as to question III.1, *supra*.

Mr. Rhine's Response: The question is proper to determine whether any potential juror will associate Mr. Rhine with groups and viewpoints that potential jurors are likely to hold negative and/or fearful views of.

4. Have you seen news reports or otherwise heard of violence at the U.S. Capitol on January 6, 2021? Do you believe that all or most civilians present at the Capitol that day engaged in violence? Or intended to engage in violence?

Government's Objections: Same objections as to question III.1, *supra*.

Mr. Rhine's Response: The question is proper to determine whether potential jurors will associate Mr. Rhine with, or believe Mr. Rhine committed, crimes that are more serious than the charges he faces here.

5. Have you seen news reports or otherwise heard that people at the U.S. Capitol on January 6, 2021, tried to deny the results of the 2020 election? Do you believe that all or most civilians present at the Capitol that day intended to unlawfully stop the certification of the election?

Government's Objections: Same objections as to question III.1, *supra*.

Mr. Rhine's Response: The question is proper to determine whether potential jurors are assuming political views of Mr. Rhine which the potential jurors may have strong feelings about, and to determine whether potential jurors have pre-judged *mens rea* based on mere presence.

6. The government has charged Mr. Rhine with (1) Entering and Remaining in a Restricted Building; (2) Disorderly and Disruptive Conduct in a Restricted Building; (3) Disorderly Conduct in a Capitol Building; and (4) Mr. Rhine with Parading, Demonstrating, or Picketing in a Capitol Building; all on January 6, 2021. Hearing these charges, do you have opinions or feelings about the nature and circumstances of any of these charges that might impact your decision on this case?

Government's Objections: Same objections as to question III.1, *supra*.

Mr. Rhine's Response: It is not clear why the government objects to this question. It is a form of a standard question intended to determine whether any potential jurors have bias based on the nature of the charges.

7. The government has accused Mr. Rhine of committing certain crimes. Do you believe that the charges themselves indicate that Mr. Rhine likely did commit these crimes? Or likely did something wrong?

Government's Objection: Although the question does not expressly call for a narrative answer, it still improperly focuses on what a juror may know or believe *before* coming to court, rather than his or her potential bias. *Tsarnaev*, 142 S. Ct. at 1027. It is therefore insufficiently tailored to the objective of jury *voir dire*. *See* objections to question III.1, *supra*.

Mr. Rhine's Response: Again, the question is designed to elicit bias against Mr. Rhine prior to the presentation of any evidence. The source cited does not support the government's objection.

8. Do you feel that you need to hear both sides of the story—both the government's side and Mr. Rhine's side, before you could decide whether Mr. Rhine is guilty or not of the crimes charged?

Government's Objection: Although the question does not expressly call for a narrative answer, it still improperly focuses on what a juror may know or believe *before* coming to court, rather than his or her potential bias. *Tsarnaev*, 142 S. Ct. at 1027. It is therefore insufficiently tailored to the objective of jury *voir dire*. *See* objections to question III.1, *supra*.

Mr. Rhine's Response: Again, *Tsarnaev* does not support the government's objection to this question. This question is well-tailored to identify jurors who will be unable to maintain the presumption of innocence if Mr. Rhine exercises his right to silence.

9. Would you have difficulty voting not guilty if you do not hear directly from Mr. Rhine? (in other words, if Mr. Rhine does not testify?). Will you make any guesses or assumptions about Mr. Rhine if he does not testify?

Government's Objections: The question improperly focuses on what a juror may know or believe *before* coming to court, rather than his or her ability to follow the Court's instructions.

Mr. Rhine's Response: Again, *Tsarnaev* does not support the government's objection to this question. This question is well-tailored to identify jurors who will be unable to maintain the presumption of innocence if Mr. Rhine exercises his right to silence.

10. Would you have difficulty voting not guilty if Mr. Rhine does not call his own witnesses to testify?

Government's Objections: The question improperly focuses on what a juror may know or believe *before* coming to court, rather than his or her ability to follow the Court's instructions.

Mr. Rhine's Response: Again, *Tsarnaev* does not support the government's objection to this question. This question is well-tailored to identify jurors who will be unable to hold the government to its burden of proof.

FOR THE GOVERNMENT: FOR THE DEFENDANT:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

/s/ Francesco Valentini
FRANCESCO VALENTINI
D.C. Bar No. 986769
Trial Attorney
United States Department of Justice,
Criminal Division
Detailed to the D.C. U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 598-2337
francesco.valentini@usdoj.gov

/s/ Kelly Moran
KELLY MORAN
Assistant United States Attorney
NY Bar No. 5776471
601 D Street NW
Washington, D.C. 20530
(202) 252-2407
kmoran1@usa.usdoj.gov

/s/ Rebecca Fish
REBECCA FISH
Wash. Bar No. 57488
Assistant Federal Public Defender
Federal Public Defender
Western District of Washington
1331 Broadway, Suite 400
Tacoma, WA 98402
Becky_Fish@fd.org

/s/ Joanna Martin
JOANNA MARTIN
Cal. Bar No. 329622
Assistant Federal Public Defender
Federal Public Defender
Western District of Washington
1331 Broadway, Suite 400
Tacoma, WA 98402
Joanna_Martin@fd.org