UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-687 (RC) |
| DAVID CHARLES RHINE | |

## **PROPOSED JURY INSTRUCTIONS**

The parties submit the attached Proposed Jury Instructions, using brackets to indicate options for the Court.  All instructions are from Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release) (the "Redbook"), unless otherwise noted.  The parties respectfully request leave of Court to submit supplemental proposed jury instructions as may be necessary to conform to the evidence introduced at trial.

FOR THE GOVERNMENT:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

/s/ Francesco Valentini
FRANCESCO VALENTINI
D.C. Bar No. 986769
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Detailed to the D.C. U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 598-2337
francesco.valentini@usdoj.gov

/s/ Kelly Moran
KELLY MORAN
Assistant United States Attorney
NY Bar No. 5776471
601 D Street NW
Washington, D.C. 20530

FOR THE DEFENDANT:

 /s/ Rebecca Fish
REBECCA FISH
Wash. Bar No. 57488
Assistant Federal Public Defender
Federal Public Defender
Western District of Washington
1331 Broadway, Suite 400
Tacoma, WA 98402
Becky_Fish@fd.org

 /s/ Joanna Martin
JOANNA MARTIN
Cal. Bar No. 329622
Assistant Federal Public Defender
Federal Public Defender
Western District of Washington
1331 Broadway, Suite 400
Tacoma, WA 98402
Joanna_Martin@fd.org

(202) 252-2407
kmoran1@usa.usdoj.gov

## **TABLE OF CONTENTS**

Preliminary Instruction Before Trial ................................................................. 1

Furnishing the Jury with a Copy of the Instructions ........................................ 12

Function of the Court......................................................................................... 13

Function of the Jury .......................................................................................... 14

Function of the Jury .......................................................................................... 15

Evidence in the Case—Judicial Notice & Stipulations .................................... 16

Statements of Counsel ...................................................................................... 17

Criminal Information Not Evidence .................................................................. 18

Burden of Proof—Presumption of Innocence ................................................... 19

Reasonable Doubt.............................................................................................. 21

Direct and Circumstantial Evidence ................................................................. 23

Nature of Charges Not to Be Considered ......................................................... 24

Number of Witnesses........................................................................................ 26

Inadmissible and Stricken Evidence................................................................. 27

Credibility of Witnesses ................................................................................... 28

Police Officer's Testimony............................................................................... 30

Right of Defendant Not to Testify.................................................................... 31

Defendant as Witness ....................................................................................... 32

Lost or Destroyed Evidence ............................................................................. 33

Transcripts of Recordings................................................................................. 34

Multiple Counts—One Defendant..................................................................... 35

Unanimity ................................................................................................................... 36

Count One Entering and Remaining in a Restricted Building or Grounds (Violation of 18 U.S.C. § 1752(a)(1)) ........................................................................... 37

Count Two Disorderly Conduct in a Restricted Building or Grounds (Violation of 18 U.S.C. § 1752(a)(2)) .............................................................................. 39

Count Three Disorderly Conduct in a Capitol Building or Grounds (Violation of 40 U.S.C. § 5104(e)(2)(D)) .......................................................................... 42

Count Four Parading, Demonstrating, or Picketing in a Capitol Building (Violation of 40 U.S.C. § 5104(e)(2)(G)) ......................................................... 45

Verdict Form Explanation ........................................................................................ 47

Redacted Exhibits ..................................................................................................... 48

Exhibits During Deliberations ................................................................................. 49

Selection of Foreperson ........................................................................................... 50

Possible Punishment Not Relevant .......................................................................... 51

Cautionary Instruction on Publicity, Communication, and Research ...................... 52

Communication Between Court and Jury During Jury's Deliberations ................... 53

Communication Between Court and Jury During Jury's Deliberations ................... 54

Excusing Alternate Jurors ........................................................................................ 55


Verdict Form ........................................................................................ End of Document

## Preliminary Instruction Before Trial

### Introduction

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

### Notetaking[1]

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with

---

[1] Redbook 1.105

you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

### Identity of Alternates[2]

You have probably noticed that there are [sixteen (16)] of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the United States Attorney filed a criminal Information.

The defendant in this case, Charles David Rhine, is charged in an Information with four crimes relating to his alleged conduct in and near the United States Capitol Building on January 6, 2021. Count One charges Mr. Rhine with Entering and Remaining in a Restricted Building; Count Two charges Mr. Rhine with Disorderly and Disruptive

---

[2] Redbook 1.107

**Proposed Jury Instructions—Page 2**

Conduct in a Restricted Building; Count Three charges Mr. Rhine with Disorderly Conduct in a Capitol Building; and Count Four charges Mr. Rhine with Parading, Demonstrating, or Picketing in a Capitol Building.  Mr. Rhine has pleaded not guilty to all charges.

You should understand clearly that the Information that I just summarized is not evidence. A criminal information is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the Information as any evidence of the guilt of the defendant,[3] or draw any conclusion about the guilt of the defendant just because an Information has been filed against him.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. The defendant has been charged with four counts relating to his alleged conduct on January 6, 2021. For each count, the government must prove beyond a reasonable doubt each of the elements of the offense charged. These elements will be explained to you at the end of the trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence.

---

[3]     Mr. Rhine requests that all references to the "defendant" in these instructions be replaced with references to "Mr. Rhine" or "David Rhine."  The government requests that the instructions adhere to the Redbook's formulation, which uses the term "defendant."

If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Trial Attorney Francesco Valentini and Assistant United States Attorney Kelly Moran who represent the United States of America. When I mention the defendant or the defense, I am referring either to the defendant Mr. David Charles Rhine or his attorneys, Attorneys Rebecca Fish and Joanna Martin.

As the first step in this trial, the government and the defense will have an opportunity to make opening statements. The defense may make an opening statement immediately after the government's opening statement or may wait until the beginning of the defense's case, or may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the

**Proposed Jury Instructions—Page 4**

government presents its evidence, the defense may present evidence, but is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value

**Proposed Jury Instructions—Page 5**

of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a

criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case.

You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court

may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

Source: Redbook 1.102

| OBJECTIONS: |
| --- |
| <u>Mr. Rhine's Objections</u>: Mr. Rhine objects to the ninth and tenth paragraphs of the preliminary instructions set forth above and requests the following modifications: <br><br> At the end of the trial, you will have to decide whether or not the <span style="color:red;text-decoration:underline">government has presented</span> evidence <span style="color:red;text-decoration:line-through">presented</span> <span style="color:red;text-decoration:underline">that</span> has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. <span style="color:red;text-decoration:underline">The</span> |

*government has charged Mr. Rhine*~~The defendant has been charged~~ with four counts relating to his alleged conduct on January 6, 2021. For each count, the government must prove beyond a reasonable doubt each of the elements of the offense charged. These elements will be explained to you at the end of the trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless *the government proves his guilt*~~and until he is proven guilty~~ beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, ~~it is your duty to~~ *you may* find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

Mr. Rhine requests these changes in order to avoid dilution or shifting of the burden of proof. *See In re Winship*, 397 U.S. 358, 364 (1970) (affirming burden of proof must be maintained); *Victor v. Nebraska*, 511 U.S. 1, 15 (1994) (instructions must "impress[] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused.") (quoting *Jackson v. Virginia*, 443 U.S. 307,315 (1979)).

Government's Response: The defendant's proposed departure from the standard Redbook instruction is unwarranted.  In addition, the last modification proposed above – which suggests that the jury "may," but has no duty to, find the defendant guilty if the jury concludes that the government has proved beyond a reasonable doubt every element of a particular offense – misstates the law.

### Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

Source: Redbook 2.100

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Source: Redbook 2.101

## Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

Source: Redbook 2.102

### Function of the Jury

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

Source: Redbook 2.103

### Evidence in the Case—Judicial Notice & Stipulations[4]

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may regard that fact as proven evidence.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

Source: Redbook 2.104

---

[4]      As of this filing, the parties have not reached agreement to as any stipulations.  The parties will continue to meet and confer in an effort to narrow the issues presented at trial.

## Statements of Counsel

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

Source: Redbook 2.105

## Criminal Information Not Evidence

A criminal information is merely the formal way of accusing a person of a crime. You must not consider the Information as evidence of any kind—you may not consider it as any evidence of David Rhine's guilt or draw any inference of guilt from it.

Source: Redbook 2.106

## Burden of Proof—Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require David Rhine to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which David Rhine is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find David Rhine not guilty of that offense.

| OBJECTIONS: |
| --- |
| Mr. Rhine's Objections: Mr. Rhine objects to this instruction and requests the following modifications:<br><br>1) Removing the words "and until" in the second sentence;<br><br>2) Replacing "it is your duty to find" with "you may find" in the second-to-last sentence.<br><br>Mr. Rhine requests these changes in order to avoid dilution or shifting of the burden of proof. *See In re Winship*, 397 U.S. 358, 364 (1970) (affirming burden of proof must be maintained); *Victor v. Nebraska*, 511 U.S. 1, 15 (1994) (instructions must "impress[] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused.") (quoting *Jackson v. Virginia*, 443 U.S. 307,315 (1979)). |
| Government's Response: The defendant's proposed departures from the standard Redbook instruction are unwarranted.  In addition, the modification in the second-to-last paragraph – which suggests that the jury "may," but has no duty to, find the defendant guilty if the jury concludes that the government has proved beyond a reasonable doubt every element of a particular offense – misstates the law. |

Source: Redbook 2.107

**Reasonable Doubt**

The government has the burden of proving David Rhine guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

| OBJECTIONS: |
| --- |
| Mr. Rhine's Objections: Mr. Rhine objects to this instruction and proposes the following modification to the last sentence<br><br>   1)  Replacing "beyond all doubt, or to a mathematical or scientific certainty" with "beyond all possible doubt"<br><br>The proposed phrase ("beyond all doubt, or to a mathematical or scientific certainty") dilutes the burden of proof. It suggests that uncertainty about the facts is tolerable to convict. The "beyond all possible doubt" properly conveys that the burden does not require proof beyond unreasonable doubt without inviting the jury to tolerate uncertainty |

| |
|---|
| in a guilty verdict. *See In re Winship*, 397 U.S. 358, 364 (1970); *Victor v. Nebraska*, 511 U.S. 1, 15 (1994). |
| <u>Government's Response</u>: The defendant's proposed departure from the standard Redbook instruction is unwarranted. |

Source: Redbook 2.108

**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

Source: Redbook 2.109

## Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

---

OBJECTIONS:

Mr. Rhine's Objections: Mr. Rhine objects to this instruction and requests the following modifications:

1) Removing the last sentence in the paragraph above;

2) Adding the following language at the end:

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about Mr. Rhine's political or social views.

It would be equally improper for you to allow any feelings you might have about the events of January 6, 2021, or the crimes charged, to interfere with your decision-making process.

You must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The additional sentences are necessary given the demonstrated strong personal feelings about the nature of these charges.

---

Government's Response: The defendant's proposed departures from the standard Redbook instruction are unwarranted. The Redbook's instruction that the jury "must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict" is both accurate and warranted in this case. And the defendant's subject-specific cautionary instructions are potentially confusing, as they arbitrarily elevate certain improper considerations but exclude (or at least fail to include) others.

Source: Redbook 2.110

## Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

Source: Redbook 2.111

**Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

Source: Redbook 2.112

## Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

Source: Redbook 2.200

**Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

Source: Redbook 2.207

**Right of Defendant Not to Testify**

Every defendant in a criminal case has an absolute right not to testify. David Rhine has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

Source: Redbook 2.208

## Defendant as Witness

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

| OBJECTIONS: |
| --- |
| Mr. Rhine's Objections: Mr. Rhine objects to this instruction and requests that the following sentence be removed: "In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial."<br><br>This sentence is improper as it puts judicial clout behind a possible credibility *argument*. The Court must not be seen to weigh in on credibility. Rather, all witnesses' credibility are to be evaluated independently by the Jury. |
| Government's Response: The defendant's proposed departure from the standard Redbook instruction is unwarranted.  The Redbook's instruction is both accurate and warranted in this case. |

Source: Redbook 2.209

**Lost or Destroyed Evidence**
**[IF NECESSARY]**

If evidence relevant to an issue in this case was only within the power of one party to produce, was not produced by that party, and its absence has not been sufficiently explained, then you may, if you deem it appropriate, infer that the evidence would have been unfavorable to the party who failed to produce it. However, you should not draw such an inference from evidence that in your judgment was equally available to both parties or which would have duplicated other evidence or that you think was unimportant.

| OBJECTIONS: |
|---|
| Mr. Rhine's Objections: Mr. Rhine requests that the following paragraph be added to this instruction: "Here, you heard by a police officer that he seized physical items from Mr. Rhine, but promptly destroyed those items. You may infer that, had this physical evidence been preserved, it would have been unfavorable to the government. " <br><br> The sentence is necessary to identify the destroyed evidence in question to the jury. |
| Government's Response: The defendant's proposed departure from the standard Redbook instruction is unwarranted.  Suggesting a case-specific application of this instruction – but not for other instructions – would needlessly bias the jury toward a particular result. |

Source: Redbook 2.300

**Transcripts of Recordings**

Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the recordings to clarify portions of the recordings which are difficult to hear and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

Source: Redbook 2.310.

## Multiple Counts—One Defendant

Each count of the Information charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the Information should not influence your verdict with respect to any other count of the Information.

Source: Redbook 2.402

### Unanimity

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

Source: Redbook 2.405

## Count One
## Entering and Remaining in a Restricted Building or Grounds
## (Violation of 18 U.S.C. § 1752(a)(1))

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

<table>
<tr><td>

Government's Proposed Instruction:

*First*:   that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:   that the defendant did so knowingly.

SOURCE: *See, e.g.*, *United States v. Bledsoe*, No. 21-cr-204 (BAH), ECF No. 215 at 8 (D.D.C. July 25, 2022); *United States v. Vargas*, No. 21-cr- (RDM), ECF No. 53-1 at 26 (D.D.C. Dec. 7, 2022).

</td></tr>
<tr><td>

Mr. Rhine's Proposed Instruction:

*First*:   that Mr. Rhine entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*:   that Mr. Rhine knew that the building or grounds in question was restricted because a person protected by the Secret Service was or would be temporarily visiting.

*Third*:    that Mr. Rhine knew that he lacked lawful authority to enter or remain in the building or grounds in question.

</td></tr>
</table>

> *Fourth*:     that Mr. Rhine knowingly entered or remained in the building or grounds in question.
>
> SOURCE: *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019); 18 U.S.C. § 1752(a)(1).

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.[5]

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.[6]

> <u>Mr. Rhine's objection</u>:
>
> Mr. Rhine objects to the inclusion of the phrase "the immediate family of the Vice President" because it invites jurors to convict on a variance from the Information, which alleges only that protectee then-Vice President Pence was present.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

---

[5]     18 U.S.C. § 1752(c)(1).
[6]     18 U.S.C. §§ 1752(c)(2), 3056.

## Count Two
## Disorderly Conduct in a Restricted Building or Grounds
## (Violation of 18 U.S.C. § 1752(a)(2))

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

---

Government's Proposed Instruction:

*First*:    that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*:    that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*:    that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

SOURCE: *See, e.g.*, *United States v. Bledsoe*, No. 21-cr-204 (BAH), ECF No. 215 at 9 (D.D.C. July 25, 2022); *United States v. Vargas*, No. 21-cr- (RDM), ECF No. 53-1 at 27 (D.D.C. Dec. 7, 2022).

---

Mr. Rhine's Proposed Instruction:

*First*:    that Mr. Rhine engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

---

|            |                                                                                                                                                                        |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| *Second*:  | that Mr. Rhine knew that the building or grounds in question was restricted because a person protected by the Secret Service was or would be temporarily visiting.      |
| *Third*:   | that Mr. Rhine knew that his conduct was disorderly and disruptive.                                                                                                    |
| *Fourth*:  | that the Mr. Rhine had the specific intent to impede or disrupt the orderly conduct of Government business or official functions.                                      |
| *Fifth*:   | that Mr. Rhine's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.                                                |

SOURCE: *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019); 18 U.S.C. § 1752(a)(2).

## Definitions

Government's Proposed Definitions:

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

SOURCE: *See, e.g.*, *United States v. Bledsoe*, No. 21-cr-204 (BAH), ECF No. 215 at 9 (D.D.C. July 25, 2022); *United States v. Vargas*, No. 21-cr- (RDM), ECF No. 53-1 at 27 (D.D.C. Dec. 7, 2022).

Mr. Rhine's Proposed Definitions:

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances. "Disruptive conduct" is "disorderly conduct" in the context of a government proceeding.

SOURCE: Conduct: Disruptive Conduct, Black's Law Dictionary (11th Ed., 2019);

A person acts with specific intent if he consciously desires the unlawful result. Here, the government must prove that Mr. Rhine consciously desired to unlawfully impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

SOURCE: *United States v. Bailey*, 444 U.S. 394, 404 (1980).

The terms "knowingly" and "restricted building or grounds" have the same meaning described in the instructions for Count One.

## Count Three
## Disorderly Conduct in a Capitol Building or Grounds
## (Violation of 40 U.S.C. § 5104(e)(2)(D))

Count Three of the Information charges the defendant with disorderly conduct in a Capitol Building or Grounds, which is a violation of federal law.

### Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:      that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

*Second*:   that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third*:     that the defendant acted willfully and knowingly.

---

OBJECTIONS:

Mr. Rhine's Objection: Mr. Rhine requests that the second element be phrased as follows:

*Second*:      that the defendant had the specific intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

SOURCE: 18 U.SC. § 1752(a)(2).

---

### Definitions

The term "United States Capitol Buildings or Grounds" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. and its grounds, which includes all squares, reservations, streets, roadways, walks, and other areas as defined on a

map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8.

I instruct you that, for the purpose of Count Three, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

The term "knowingly" has the same meaning described in the instructions for Count One.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

---

OBJECTIONS:

Mr. Rhine's Objections:

1) Mr. Rhine objects to the inclusion of the second paragraph above;

2) Mr. Rhine requests that the following definition be added: "The term 'specific intent' has the same meaning described in the instructions for Count two";

3) Mr. Rhine requests that the following clause be added at the end of the definition of "willfully": "but does requires proof that the defendant was aware his conduct was unlawful";

---

**Proposed Jury Instructions—Page 43**

SOURCE: *United States v. Burden*, 934 F.3d 675, 681 (D.C. Cir. 2019).

**Count Four**
**Parading, Demonstrating, or Picketing in a Capitol Building**
**(Violation of 40 U.S.C. § 5104(e)(2)(G))**

Count Four of the Information charges the defendant with parading, demonstrating, and picketing in a Capitol Building, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:     that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

*Second*:     that the defendant acted willfully and knowingly.

**Definitions**

| |
|---|
| Government's Proposed Definitions:<br><br>    The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[7]<br><br>SOURCE: *See, e.g.*, *United States v. Bledsoe*, No. 21-cr-204 (BAH), ECF No. 215 at 10 (D.D.C. July 25, 2022); *United States v. Vargas*, No. 21-cr- (RDM), ECF No. 53-1 at 29 (D.D.C. Dec. 7, 2022). |
| Mr. Rhine's Proposed Definitions: |

---

[7]     Merriam-Webster, Demonstration, https://www.merriam-webster.com/dictionary/demonstration (last visited Oct. 14, 2022); *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

The term "parade" means a public procession usually to mark a holiday or event. The term "picket" means a protest or strike involving posts or stakes. The term "demonstrate" refers to a public display of group feelings toward a person or cause that would disrupt the orderly business of Congress but does not include any expressive activity that may attract attention. Conduct is only unlawful demonstration if it is more disruptive than the conduct of tourists or others routinely permitted in the United States Capitol buildings.

SOURCE:  Merriam-Webster,  Parade,  https://www.merriam-webster.com/dictionary/parade (last  visited  Oct.  14,  2022);  Merriam-Webster,  Picket,  https://www.merriam-webster.com/dictionary/picket (last visited Oct. 14, 2022);  Merriam-Webster, Demonstration, https://www.merriam-webster.com/dictionary/demonstration (last  visited  Oct.  14,  2022); *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000);  Instruction 6.644; *Berg v. United States*, 631 A.2d 394, 398 (D.C. 1993); *Hasty v. United Sates*, 669 A.2d 127, 132 (D.C. 1995).

The terms "United State Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts One and Three.

**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

Source: Redbook 2.407

**Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

Source: Redbook 2.500

**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

You will also be provided with a laptop to view the recordings which I have admitted into evidence.  You should not use the laptop for any other purpose.

Source: Redbook 2.501

**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

Source: Redbook 2.502

**Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

Source: Redbook 2.505

**Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

Source: Redbook 2.508

**Communication Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

Source: Redbook 2.509

**Communication Between Court and Jury During Jury's Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

Source: Redbook 2.510

**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected four seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you four leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

Source: Redbook 2.511

.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                            No. 1:21-cr-687 (RC)

DAVID CHARLES RHINE

## <u>**VERDICT OF THE JURY**</u>

We, the members of the jury, find defendant **David Charles Rhine**:

_____        of the offense charged in Count 1 of the Information
"Guilty" or "Not Guilty"        (Entering and Remaining in a Restricted Building or
                                Grounds)

_____        of the offense charged in Count 2 of the Information
"Guilty" or "Not Guilty"        (Disorderly and Disruptive Conduct in a Restricted
                                Building or Grounds)

_____        of the offense charged in Count 3 of the Information
"Guilty" or "Not Guilty"        (Disorderly Conduct in a Capitol Building or
                                Grounds)

_____        of the offense charged in Count 4 of the Information
"Guilty" or "Not Guilty"        (Parading, Demonstrating, or Picketing in a Capitol
                                Building)

---

OBJECTIONS

Mr. Rhine requests that the order in which the "Guilty" and "Not Guilty" options appear
on the verdict form be inverted: "Not Guilty" or "Guilty". This is necessary to maintain
the presumption of evidence and to avoid shifting the burden of proof.

---

**Verdict of the Jury—Page 1**

Signed this ____ day of_____, 2022.

_____
Presiding Juror