UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-687-RC |
| v.  : | |
| : | |
| DAVID CHARLES RHINE  : | |
| : | |
| Defendant.  : | |

**NOTICE REGARDING DEFENDANT'S MOTION TO SUPPRESS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this notice in connection with the defendant's motion to suppress geofence evidence and evidence derived from the geofence (ECF Nos. 43, 59, 64). As explained below, the government provides the newly clarified information described in this notice out of an abundance of caution; the information has no material bearing on the resolution of the pending motion to suppress.

In its response to the defendant's motion to suppress (ECF No. 59), the government referenced the fact that, in January 2021, it received information from a tipster that the defendant, David Charles Rhine, had entered the U.S. Capitol building on January 6, 2021. ECF No. 59 at 8 (citing warrant affidavit). In the January 2021 tip and in a later interview with the FBI held in March 2021, the tipster stated, among other information, that the defendant's wife had posted on Facebook that her husband had entered the Capitol building on January 6, 2021. *See id.* at 8, 9, 41-43 (citing warrant affidavit). In the March 2021 interview, the tipster further stated that, while he had not seen the actual Facebook post, he had seen a screenshot of it. *See id.* at 8, 9 n.4, 41-43 (citing warrant affidavit). This information – which is referenced in the warrant affidavit (Ex. M to Def. Mot. to Suppress) and in the government's response (ECF No. 59) – accurately described

the information available to the government at the time of the warrant's issuance and at the time of the filing of the government's response (ECF No. 59).

In preparation for trial, on January 9 and 10, 2023, the government reinterviewed the tipster. During the interview, the tipster indicated that, while he had learned of the Facebook post and its content from an acquaintance (or acquaintances), he did not recall personally seeing the post, or a screenshot of the post. As of January 2023, neither the tipster nor his wife is in possession of a screenshot of the Facebook post from January 2021, and neither the tipster nor his wife recalls personally seeing the Facebook post.

The government provides this newly learned clarification out of an abundance of caution and to make sure that the Court is aware of all colorably relevant facts in resolving the pending motion to suppress. The information, however, should have no bearing on this Court's disposition of the motion to suppress. Whether the tipster personally saw a screenshot of Ms. Rhine's Facebook post is irrelevant to the constitutionality of the geofence warrants or the applicability of the good-faith exception to the exclusionary rule. *See* ECF No. 59 at 10-40. Nor does it advance the defendant's alternative argument that, without the geofence evidence, the warrant affidavit did not sufficiently establish probable cause. For one thing, the information in the warrant affidavit accurately reflected the information available to the investigators at the time. *See, e.g.*, *United States v. Jackson*, 415 F.3d 88, 91 (D.C. Cir. 2005) (probable cause "is an objective standard requiring an analysis of the totality of the circumstances and the facts known to the officers at the time of the search" or, as here, at the time of the warrant's issuance). Furthermore, and in any event, the reminder of the evidence cited in the warrant affidavit amply supported probable cause, even without the geofence evidence and without the tipster's personal observation of the Facebook post. *See* ECF No. 59 at 41-43.

January 13, 2023                    Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              UNITED STATES ATTORNEY
                                              D.C. Bar No. 481052

By:    */s/ Francesco Valentini*
        Francesco Valentini
        D.C. Bar No. 986769
        Trial Attorney
        United States Department of Justice, Criminal Division
        Detailed to the D.C. United States Attorney's Office
        601 D Street NW
        Washington, D.C.  20530
        (202) 598-2337
        francesco.valentini@usdoj.gov

        */s/ Kelly Moran*
        Kelly Moran
        Assistant United States Attorney
        NY Bar No. 5776471
        601 D Street NW
        Washington, D.C. 20530
        (202) 252-2407
        kmoran1@usa.usdoj.gov