UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-687-RC |
| v. : | |
| : | |
| DAVID CHARLES RHINE : | |
| : | |
| Defendant. : | |

NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING
DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this notice of supplemental authority in connection with the defendant's motion to suppress geofence evidence and evidence derived from the geofence (ECF Nos. 43, 59, 64). On January 13, 2023, in another January 6 case (*United States v. Lloyd Casimiro Cruz, Jr.*, No. 22-cr-64 (D.D.C.)), Judge Reggie B. Walton denied a defendant's motion to suppress location evidence obtained pursuant to the same geofence warrants at issue in this case. *See* Doc. 72, *Cruz*, No. 22-cr-64 (D.D.C. Jan. 13, 2023). In an oral ruling, Judge Walton embraced the three principal (and alternative) arguments advanced by the government in this case. First, Judge Walton concluded that the defendant – having voluntarily put himself, without authorization, in a location that was closed to the public and where the defendant knew crimes were being committed (*i.e.*, inside the United States Capitol on January 6, 2021) – lacked a reasonable expectation of privacy in his and his cell phone's location at that place and time and, therefore, lacked standing to challenge the alleged search. Second, Judge Walton concluded that, in any event, the geofence warrants were valid because the supporting affidavits properly established probable cause that the location-history data for the devices at issue constituted evidence of the crimes committed at the Capitol on January 6, including evidence of the identity

of individuals who likely did not have authorization to be in the Capitol building at the time. Third, Judge Walton concluded that, at a minimum, suppression was inappropriate because the investigators acted in good-faith reliance on the geofence warrants, which were issued by a magistrate. This Court should reach the same conclusions with respect to the same warrants and legal issues in this case.[1]

January 17, 2023                                Respectfully submitted,

                                        MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar No. 481052

                By:    */s/ Francesco Valentini*
                      Francesco Valentini
                      D.C. Bar No. 986769
                      Trial Attorney
                      United States Department of Justice, Criminal Division
                      Detailed to the D.C. United States Attorney's Office
                      601 D Street NW
                      Washington, D.C.  20530
                      (202) 598-2337
                      francesco.valentini@usdoj.gov

                      */s/ Kelly Moran*
                      Kelly Moran
                      Assistant United States Attorney
                      NY Bar No. 5776471
                      601 D Street NW
                      Washington, D.C. 20530
                      (202) 252-2407
                      kmoran1@usa.usdoj.gov

---

[1] Because the transcript of the January 13 hearing in *Cruz* has not been publicly released, the government will supply the transcript to the Court and defense counsel by email.