UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CHARLES RHINE,<br><br>Defendant. | Criminal No. 21-CR-687 (RC)<br><br>MR. RHINE'S NOTICE OF SUPPLEMENTAL AUTHORITY RELATED TO HIS MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM INTRODUCING ANY EVIDENCE REGARDING THE ALLEGATION THAT MR. RHINE HAD TWO POCKET KNIVES AND A SMALL CONTAINER OF PEPPER SPRAY |

Mr. Rhine, through counsel, submits the attached supplemental authority in support of his Motion *in Limine* to preclude the government from introducing testimony about physical evidence that the government destroyed. During the Motion Hearing on January 23, 2023, the Court inquired of counsel whether caselaw supports exclusion of secondary evidence (e.g. testimony) regarding *inculpatory* evidence that was lost or destroyed by the government. Specifically, the Court asked whether counsel could provide a written opinion where a court suppressed secondary evidence because *inculpatory* (rather than exculpatory) evidence was destroyed by the government.

Counsel hereby submits two cases as examples. The first, *United States v. Loud Hawk*, 628 F.2d 1139, 1142 (9th Cir. 1979), *overruled on other grounds by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), was previously cited by Mr. Rhine in his pleadings and by counsel during argument. *See* Dkt. Nos. 38 at 5; 66 at 2. Counsel now attaches that opinion in full here as Exhibit A. *Loud Hawk* provides a balancing test for determining the need for secondary remedies when the government

NOTICE OF SUPPLEMENTAL AUTHORITY
(*United States v. Rhine*, 21-CR-687) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

loses or destroys evidence in a manner that falls short of the due process violation outlined in *California v. Trombetta*, 467 U.S. 479 (1984). Specifically, secondary remedies—such as suppression of secondary evidence about the destroyed evidence—is appropriate when the balance between "the quality of the Government's conduct and the degree of prejudice to the accused" weighs in favor of the defendant. *Id.* at 1152 (Kennedy, J., concurring) (then-Judge Kennedy's concurrence is recognized as the controlling rule in the Ninth Circuit, *see, e.g.*, *United States v. Wells*, 879 F.3d 900, 931 (9th Cir. 2018)). The Ninth Circuit in *Loud Hawk* remanded to the district court to answer factual questions relevant to this test.

The second supplemental authority that Mr. Rhine now submits is *United States v. Williams*, No. C 05-0383 PJH, 2006 WL 1320477 (N.D. Cal. May 15, 2006). *Williams* is a district court opinion in which the Honorable District Judge Phyllis J. Hamilton held that suppression of secondary evidence was the necessary remedy for the government's destruction of evidence under the *Loud Hawk* standard. In that case, the government charged Mr. Williams with possession of a firearm with an obliterated serial number. However, in attempting to restore the serial number on the seized firearm, local police ended up altering the appearance of the gun—essentially destroying the primary evidence of the gun's appearance when possessed by Mr. Williams. *Id.* at *1. The court held that suppression of testimony about the gun's previous appearance and of pre- and post-alteration photographs of the gun was necessary to protect Mr. Williams's rights. *See id.* at *3. This was so even though the gun and its originally obliterated serial number were not exculpatory. However, the government's destruction of this original evidence, and failure to preserve reliable substitute evidence (noting, among other things, the poor quality of the pre-alteration

NOTICE OF SUPPLEMENTAL AUTHORITY
(*United States v. Rhine*, 21-CR-687) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

photographs) deprived Mr. Williams of the ability to meaningfully challenge the government's description of the evidence, prior to its destruction/alteration. *See id.*[1]

Mr. Rhine submits these opinions in full to the Court to aid the Court's consideration of his Motion *in Limine*. Here, a federal law enforcement officer intentionally destroyed evidence. There was no safety, exigency, or other excusable reason for this destruction. The government took no photographs of the purported evidence, nor was the purported evidence captured on any recording. Furthermore, the officer's memory is demonstrably unreliable on this topic—given his inconsistencies and his statements about the purported evidence, the lack of any prompt notation or documentation of his purported seizure, and the circumstances of the purported seizure and the officer's work on that day. And the testimony about the purported evidence is highly prejudicial. The government intends to argue that the destroyed evidence demonstrates an intent to do harm or engage in violence. With the primary evidence destroyed, Mr. Rhine is seriously hampered in his ability to argue that the evidence was not seized from him or that it consisted of basic self-defense items, which many people carry in their daily lives. The facts here easily satisfy the *Loud Hawk* balancing test for secondary remedies, and this Court should, as in *Williams*, suppress secondary evidence.

DATED this 24th day of January, 2023.

Respectfully submitted,

s/ *Rebecca Fish*
s/ *Joanna Martin*
Assistant Federal Public Defenders
Attorneys for David Charles Rhine

---

[1] This limited Mr. Williams's ability to challenge the evidence, particularly as to his *mens rea*.

NOTICE OF SUPPLEMENTAL AUTHORITY
(*United States v. Rhine*, 21-CR-687) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710