2006 WL 1320477
Only the Westlaw citation is currently available.
NOT FOR CITATION
United States District Court,
N.D. California.

UNITED STATES of America, Plaintiff,
v.
Lonnie WILLIAMS, Defendant.

No. C 05-0383 PJH.
|
May 15, 2006.

**Attorneys and Law Firms**

Hartley M.K. West, U.S. Attorney's Office, San Francisco, CA, for Plaintiff.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING GOVERNMENT'S MOTION IN LIMINE; AND RE: SUPPRESSION OF EVIDENCE

PHYLLIS J. HAMILTON, District Judge.

 *1 On May 12, 2006, this court heard arguments on Williams' motion to dismiss the indictment and on the government's motion in limine in support of admission of evidence. Having considered the parties' arguments, the papers, and the relevant legal authority, and for the reasons stated on the record and summarized below, the court DENIES Williams' motion to dismiss the indictment, DENIES the government's motion in limine, and ORDERS suppression of the gun and the photographs of the gun.

### BACKGROUND

Williams is charged with one count of possession of a firearm with an obliterated serial number pursuant to 18 U.S.C. § 922(k). On April 5, 2006, days before trial was to commence, the prosecuting attorney first learned during a conversation with a criminalist with the San Francisco Police Department that the gun's appearance had been altered during an attempt to restore the serial numbers. Because Williams' defense-that he lacked the requisite knowledge of the obliteration of the serial numbers-depended in large part on the appearance of the gun, the court vacated the trial date and allowed the parties to file motions as they deemed appropriate.

Williams subsequently moved to dismiss the indictment, claiming that his due process rights were violated by the government's alteration or destruction of the gun. The government moved in limine for admission of the gun in its altered state and/or for admission of pre-restoration and post-restoration photographs of the gun.

### DISCUSSION

**A. Motion to Dismiss**

In *California v. Trombetta,* the Supreme Court held that the government's failure to preserve evidence violates a defendant's due process rights when the evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984). In *Arizona v. Youngblood,* "the Court added the additional requirement," see United States v. Cooper, 983 F.2d 928, 931 (9th Cir.1993), that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process." 488 U.S. 51, 58 (1988); see also United States v. Curtin, 2006 WL 851755 at *8 (9th Cir. Apr. 4, 2006) (reiterating that both *Trombetta* and *Youngblood* requirements must be shown to prove a due process violation).

As stated on the record, the court finds that the evidence in this case-the weapon-possessed exculpatory value at the time it was altered. Moreover, although Williams makes the most compelling argument regarding the unavailability of comparable evidence, the court nevertheless finds that Williams has not demonstrated bad faith on the government's part in the destruction or alteration of the evidence. Instead, Williams has focused primarily on showing bad faith in conjunction with the subsequent federal prosecution-which is not the focus of the test for a due process violation.

 *2 Accordingly, Williams motion to dismiss is DENIED for the reasons stated on the record.

**B. Government's Motion in Limine**

The decision whether to admit criminal evidence that is lost or destroyed involves an assessment of the quality of the government's conduct and the degree of prejudice suffered by the accused. See *United States v. Loud Hawk,* 628 F.2d 1139, 1152 (9th Cir.1979) (en banc) (Kennedy, J., concurring).

In assessing the government's conduct, the court evaluates the following factors: (1) whether the evidence was lost or destroyed while in the government's custody; (2) whether the government acted in disregard for the interests of the accused; (3) whether the government was negligent in failing to adhere to established and reasonable standards of care for police and prosecutorial functions; (4) if the acts leading to the destruction of evidence were deliberate, whether they were taken in good faith or with reasonable justification; (5) whether and to what degree federal officers were involved; and (6) whether the government attorneys prosecuting the case participated in the events leading to loss or destruction of the evidence. *Id.*

In evaluating the degree of prejudice to the defendant, the court considers: (1) the centrality of the lost or destroyed evidence to the case and its importance in establishing the elements of the crime or the motive or intent of the defendant; (2) the probative value and reliability of the secondary or substitute evidence; (3) the nature and probable weight of factual inferences or other demonstrations and kinds of proof allegedly lost to the accused; and (4) the probable effect on the jury from absence of the evidence. *Id.*

"When primary evidence is destroyed and secondary evidence is used, the latter's admissibility at trial turns on a balancing test aimed at insuring a fair trial." *United States v. Lillard,* 929 F.2d 500, 504 (9th Cir.1991) (citing *Loud Hawk,* 628 F.2d at 1151). "The court must weigh the extent of the Government's culpability for the lost evidence and the degree of prejudice to the appellant." *Lillard,* 929 F.2d at 504 (rejecting defendant's argument that because chemicals seized from his methamphetamine lab were destroyed before they could be weighed, that such evidence was not admissible at sentencing, noting that it was unclear that *Loud Hawk* rule applied at sentencing and that there was no prejudice or misconduct in case). In *Loud Hawk,* the Ninth Circuit emphasized the importance that the secondary evidence be *reliable* and *trustworthy.* 628 F.2d at 1155 (emphasis added). "The usual sanction when the government has lost or destroyed evidence is suppression of secondary evidence." *United States v. Jennell,* 749 F.2d 1302, 1308 (9th Cir.1985) (citing *Loud Hawk,* 628 F.2d at 1146).

As noted at the hearing, the gun as primary evidence will not be admitted into evidence because its appearance has been changed in a fundamental way by the restoration attempts and it no longer looks like it did while in Williams' possession, which is the only appearance that counts for purposes of Williams' defense. Admitting it in its altered form would be unduly prejudicial and such prejudice would outweigh its probative value-as it now has very little probative value on the issue for which it is offered. *See* Federal Rule of Evidence 403.

 **\*3** Additionally, the photographs, as secondary evidence, will not be admitted because after applying the *Loudhawk* test the, court finds that the prejudice to Williams is substantial and that every factor of the prejudice inquiry weighs in Williams' favor. As for the centrality of the lost or destroyed evidence to the case and its importance in establishing Williams' intent, the appearance of the weapon, and specifically the appearance of the serial numbers, is Williams' whole case. Second, regarding the probative value and reliability of the secondary or substitute evidence, having viewed the gun, the court finds that the photos do not accurately depict it and are of such poor quality that Williams will be significantly impaired in his ability to defend against the charge. Third, as for the nature and probable weight of factual inferences or other demonstrations and kinds of proof allegedly lost to the accused, the court finds that Williams is prevented from making the arguments that he would have based on the original appearance of the gun because the photographs are of such a poor quality. Finally, regarding the probable effect on the jury from absence of the evidence, the court finds that in order to ensure fundamental fairness to Williams, the jury needs to observe the weapon as Williams observed it at the time of his arrest.

## CONCLUSION

For the reasons above, and those stated on the record, the defendant's motion to dismiss the indictment is DENIED. The government's motion in limine is also DENIED. Moreover, the court finds that suppression of the weapon and the photographs is required pursuant to the Ninth Circuit's decision in *Loud Hawk* and Federal Rule of Evidence 403.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 1320477

**End of Document**   © 2023 Thomson Reuters. No claim to original U.S. Government Works.