## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.:  21-0687 (RC) |
| | : | |
| DAVID CHARLES RHINE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

The Government plans to introduce open-source video and photographic evidence at trial. On February 1, 2023, the Court held an evidentiary hearing to determine the authenticity of this evidence.  Authentication is a "specialized aspect[] of relevancy" that is a "necessary condition[] precedent to admissibility."  *United States v. Rembert*, 863 F.2d 1023, 1027 (D.C. Cir. 1988) (quotation omitted).  Generally, to authenticate a piece of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  This can be accomplished through witness testimony, by expert comparison to authenticated evidence, or by proof of the evidence's "distinctive characteristics, taken together with all the circumstances," among other ways.  *Id.* 901(b)(1), (b)(3)–(4).  "[T]he question is not whether the government conclusively prove[s] . . . authenticity;" rather, it is sufficient if "the government's showing 'permit[s] a reasonable juror to find that the evidence is what its proponent claims.'"  *United States v. Khatallah*, 41 F.4th 608, 623 (D.C. Cir. 2022) (quoting *United States v. Blackwell*, 694 F.2d 1325, 1330 (D.C. Cir. 1982)); *see also United States v. Bruner*, 657 F.2d 1278, 1284 (D.C. Cir. 1981) ("[C]ircumstantial evidence of authenticity can be sufficient.").

Based upon the testimony and video and photograph comparisons presented by the Government during the February 1 hearing, and the Court's own comparison of the various video and photographic evidence, the Court finds that the Government has sufficiently authenticated the portions of Government Exhibits 115, 116, 117, 118, 119, and 120 that were identified during the hearing.  Each of these open-source photographs or videos was corroborated by reference to U.S. Capitol Police ("USCP") CCTV footage and still-images showing the same scenes from different angles.  Both the open-source and CCTV materials show an individual that the Government alleges is Defendant wearing a dark hooded jacket and red hat with white letters spelling "USA" on the front and carrying a dark backpack and a distinctive large blue flag with white stars on it.  In addition to these distinctive features, the materials depict other individuals who, due to their clothing, positioning, or actions, also provide points of reference that allow alignment of the open-source material and the CCTV material.  Moreover, the Government's witness, a USCP Inspector who testified that he has intimate knowledge of the Capitol grounds based on his years of service, confirmed certain landmarks, such as a door leading to the House chamber directly across from the Upper House Door, that provide additional points of cross-reference between the open-source material and the CCTV material.  Taken together, the Court finds that the Government's authentication is sufficient.

Regarding Government's Exhibit 115, the Government indicated that it plans to present a section of this video showing an interview that Defendant allegedly gave at the top of the outdoor staircase on the southeast front of the Capitol.  Defendant pointed out, and the Court agrees, that this section of the video contains a cut at runtime 5:33.  Defendant objects that presentation of an edited sequence of footage would risk undue prejudice because having multiple clips spliced together could create a misleading impression of what Defendant said.

Sensitive to this concern, the Court adopts the approach taken by Chief Judge Howell in *United States v. Williams*, No. 21-cr-0377, another January 6 case involving a similar issue.  Faced with the defendant's objection to an edited open-source video, Chief Judge Howell adopted the Government's suggestion to play only an unedited sequence of the video.  *See* Min. Order, *Williams*, No. 21-cr-0377 (D.D.C. June 8, 2022).  The Court will follow the same approach here, and accordingly will adopt the Government's suggestion at the February 1 hearing that it be permitted to introduce only unedited sequences from the interview.  That is, the Government may introduce the sequence of video from the beginning of the interview at runtime 5:02 until the cut at 5:33, and then the separate sequence from 5:33 until the end of the interview at 5:46, but the Government may not play it straight through from 5:02 to 5:46.  Without "any reason to suspect the videographer of having either the motive or the skills to materially change the underlying video content shown," the Court finds that the Government's authentication evidence is sufficient as to the unedited sequences of video.  *Id.*

**SO ORDERED**.

Dated:  February 2, 2023                                        RUDOLPH CONTRERAS
                                                               United States District Judge