## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 1:21-cr-687 (RC)** |
| | : | |
| DAVID CHARLES RHINE, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ADMISSION OF UNITED STATES CAPITOL POLICE COMPILATION VIDEO

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this notice of supplemental authority in response to the defendant's objection to the admission at trial of Government Trial Exhibit 114, which is a compilation of footage from the United States Capitol Police's surveillance system depicting events that occurred during the January 6, 2021 attack. As the Government explained at the January 23, 2023 hearing, the government has routinely offered versions of the Capitol Police's compilation video as evidence in January 6 cases, and other judges in this district have routinely admitted it into evidence. At the January 23, 2023 hearing, the Court inquired whether other judges in this district have admitted the compilation video over a Rule 403 objection.

In response to the Court's inquiry, the government hereby submits a ruling recently issued by Judge Moss in *United States v. Vargas-Santos*, No. 1:21-cr-47 (RDM) (D.D.C. ruling issued Dec. 7, 2022).[1] As in this case, in *Vargas-Santos*, the defendant was charged with violating 18 U.S.C. §§ 1752(a)(1) and (2) and 40 U.S.C. §§ 5104(e)(2)(d) and (g) in connection with his participation in the January 6 attack. Similarly to this case, in *Vargas-Santos*, the defendant had

---

[1] Because the transcript from *Vargas-Santos* is currently restricted on Pacer, the government is providing it to the Court and defense counsel by email.

entered the Capitol Building from the East side—in *Vargas-Santos*, through the Rotunda Doors, and here, through the Upper House Door.  And in *Vargas-Santos*, as here, the defendant objected, under Federal Rules of Evidence 401 and 403, to the admission of the Capitol Police compilation video[2] except to the extent that the video depicted the defendant himself.  *See* ECF No. 46-1 at 3-6, *United States v. Vargas-Santos*, No. 1:21-cr-47 (RDM) (D.D.C. Dec. 5, 2022).

In *Vargas-Santos*, after careful consideration, Judge Moss overruled the defendant's objection.  Judge Moss explained that, to prove a violation of 18 U.S.C. § 1752(a)(2), "the Government does have the burden of proving that [the defendant] actually in fact disrupted government business on that day."  Accordingly, "placing [the defendant's] actions in the context of everything else that was going on that day, and everything else that the Capitol Police were dealing with that day to try and maintain control of the Capitol" makes the compilation footage "not only relevant, but a significant aspect of the Government's case."  Trial Tr. 7, *United States v. Vargas-Santos*, No. 1:21-cr-47 (RDM) (D.D.C. Dec. 7, 2022); *see also id.* at 9 ("THE COURT: So the theory is that he, along with others, were occupying the police on the other side of the building that couldn't be present to help their colleagues who were under attack? [PROSECUTOR]: Exactly right, Your Honor.").  Judge Moss also observed that, while "particular portions" of the compilation video might still be excluded if the defendant could show that they were "unduly inflammatory," the compilation video was "not particularly inflammatory given scenes that … happened in the Capitol that were a lot more violent and disturbing than what's in the video."  *Id.* at 7-8.  This Court should reach the same conclusion on the analogous facts and posture of this case.

---

[2]     The version of the Capitol Police video at issue in *Vargas-Santos* was 28 minutes and 40 seconds in length.  *See* ECF No. 46-1 at 4, *Vargas-Santos*, No. 1:21-cr-47 (RDM) (D.D.C. Dec. 5, 2022).  The version of the compilation video that the government proposes to offer in this case is substantially shorter: it runs approximately 12 minutes and 50 seconds.  *See* Ex. 114.

February 6, 2023

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Francesco Valentini*
Francesco Valentini
D.C. Bar No. 986769
Trial Attorney
United States Department of Justice, Criminal Division
Detailed to the D.C. United States Attorney's Office
601 D Street NW
Washington, D.C.  20530
(202) 598-2337
francesco.valentini@usdoj.gov

*/s/ Kelly Moran*
Kelly Moran
Assistant United States Attorney
NY Bar No. 5776471
601 D Street NW
Washington, D.C. 20530
(202) 252-2407
kmoran1@usa.usdoj.gov