UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 21-CR-687 (RC) |
| : | |
| DAVID CHARLES RHINE, : | |
| : | |
| Defendant. : | |

UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY
REGARDING MOTION *IN LIMINE*

Defendant David Charles Rhine has submitted (ECF No. 77) two decisions as supplemental authority in support of his motion *in limine* seeking exclusion of testimony regarding two knives and pepper spray seized from him by Capitol Police during the January 6 attack: *United States v. Loud Hawk*, 628 F.2d 1139 (9th Cir. 1979), and *United States v. Williams*, No. C-05-0383 PJH, 2006 WL 1320477 (N.D. Cal. May 15, 2006). Neither supports the relief he is seeking.

The defendant's reliance on *United States v. Loud Hawk*, 628 F.2d 1139 (9th Cir. 1979) (en banc), *overruled by United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), is misplaced. *Loud Hawk* identified certain factors that courts in the Ninth Circuit should consider in striking the "proper balance … between the quality of the government's conduct and the degree of prejudice of the accused" in cases where criminal evidence is lost or destroyed before trial. *Loud Hawk*, 628 F.2d at 1152. But the defendant mischaracterizes the *Loud Hawk* court's ruling, *i.e.*, its application of those factors to the facts presented. Contrary to the defendant's assertion, *Loud Hawk* "reverse[d] the order of the district court granting appellees' motion to suppress and to dismiss the indictment with prejudice" and "remand[ed] the cause to the district court with the instructions … to deny appellees' motion to suppress." *Id*. at 1151; *see also id*. at 1156 (Kennedy, J., concurring) ("Having now stated at some length the applicable rules for this case, we reach the conclusion that

secondary evidence offered by the Government should not be suppressed."). Because *Loud Hawk* found suppression unwarranted – and, in fact, reversed a district court's suppression order – it can hardly support the defendant's contention that the evidence should be suppressed in this case.

Moreover, in the 44 years since *Loud Hawk* was decided, neither the D.C. Circuit nor any reported decision by a judge of this Court appears to have cited *Loud Hawk* or its balancing test as authority to suppress evidence in a criminal case. In the sole instance in which a judge of this Court (former Judge Flannery) cited *Loud Hawk*, he did so to underscore that, in *Loud Hawk*, the court "allowed the introduction of secondary evidence." *Murray v. D.C. Bd. of Educ.*, No. 82-823, 1983 WL 588, at *3 (D.D.C. Apr. 29, 1983).

In addition, and in any event, the evidence in this case would be admissible under the factors identified in *Loud Hawk*. The defendant does not contest that, as in *Loud Hawk*, the "police did not act in bad faith" by disposing of the defendant's knives and pepper spray. The knives and pepper spray were seized from the defendant when he was frisked and detained in close proximity to the House Gallery, after he entered the United States Capitol as part of an unprecedented riot. The defendant was subsequently escorted, in flex cuffs, to an area next to the Rotunda Doors. Precisely because of the chaos caused by the defendant and his fellow rioters, the defendant was ultimately let go (with instructions to immediately leave the Capitol) rather than arrested on the spot. Having let the detainee disappear into a crowd of hundreds of rioters, it was reasonable for the officer to shift his attention from the defendant's items to other, more pressing duties. Nor is there merit to the defendant's assertion that "the officer's memory is demonstrably unreliable on this topic." The seizing officer has identified the items that were seized and offered detailed descriptions of those items. To the extent the defendant wants to highlight any asserted

2

inconsistencies in the officer's memory, he can do so in cross-examination and closing argument.

Finally, the defendant has failed to show any unfair prejudice.  If the defendant wants to argue to the jury that no knives or pepper spray were seized from him in the Capitol, he can cross-examine the officer about his memory.  He can, of course, also cross-examine the officer about his disposal of the evidence or press his claim that he brought knives and pepper spray into the United States Capitol as "basic self-defense" items.  Those safeguards more than adequately protect Rhine from any unfair prejudice.  There is no sound reason to withhold the evidence from the jury in the first place.

The defendant's reliance on the unpublished, non-precedential pretrial order in *United States v. Williams*, No. C-05-0383 PJH, 2006 WL 1320477 (N.D. Cal. May 15, 2006), is also unpersuasive. In *Williams*, the defendant was charged with possessing a firearm with an obliterated serial number, but the gun's appearance had been altered during an attempt by law enforcement to restore the serial number.  The defendant sought to have the charge dismissed under *California v. Trombetta*, 467 U.S. 479 (1984), and the government countered by seeking a ruling that photographs showing the weapon's pre- and post-alteration appearance were admissible.  The court's rulings do not support the defendant's position in this case.  For one thing, in a ruling that the defendant does not acknowledge, the district judge declined to dismiss the charge (as the defendant in that case had requested), even though the altered evidence – "the appearance of the weapon, and specifically the appearance of the serial numbers" – was the defendant's "whole case." *Id.* at *3.  For another, the trial court in *Williams* said nothing about the (different) type of secondary evidence that the government proposes to offer in this case: the officer's testimony about the evidence that was confiscated.  Finally, while the district court in

*Williams* ruled the pre- and post-alterations photographs inadmissible (and cited *Loud Hawk* in support), the court did so only after finding that "the evidence in [that] case – the weapon – possessed *exculpatory* value at the time it was altered" and the secondary evidence – the photographs – "d[id] not accurately depict [the weapon]" because they were "of such poor quality." *Id.* at *3 (emphasis added). Here, for good reason, the defendant does not contend that the knives and pepper spray would have "exculpatory value" vis-à-vis the charges in this case. *Williams*, therefore, is irrelevant to the Court's request in this case for "caselaw support[ing] exclusion of secondary evidence (e.g. *testimony*) regarding *inculpatory* evidence that was lost or destroyed by the government." ECF No. 77 at 1 (first emphasis added).

For all these reasons, and for those stated in the United States' Response to Defendant's Motions *in Limine*, the defendant's motion to preclude evidence regarding the items seized from his person should be denied.

February 6, 2023

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:  */s/ Francesco Valentini*
Francesco Valentini
D.C. Bar No. 986769
Trial Attorney
United States Department of Justice, Criminal Division
Detailed to the D.C. United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 598-2337
francesco.valentini@usdoj.gov

*/s/ Kelly Moran*
Kelly Moran

Assistant United States Attorney
NY Bar No. 5776471
601 D Street NW
Washington, D.C. 20530
(202) 252-2407
kmoran1@usa.usdoj.gov