UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-687 (RC) |
| | : | |
| **DAVID CHARLES RHINE,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO PRECLUDE RELIANCE ON FEDERAL RULE OF EVIDENCE 902(13) AND (14)
TO AUTHENTICATE PHOTOGRAPHS FROM THE DEFENDANT'S CELL PHONE**

Defendant David Charles Rhine asks this Court to preclude the government, on Confrontation Clause grounds, from relying on a certificate under Federal Rule of Evidence 902(13) and (14) to authenticate certain photographs saved on the defendant's cell phone.

This matter is currently in trial. As early as December 2022, the government informed the defendant that it intended to introduce at trial photographs taken on or around the Capitol on January 6, 2021 that had been stored on the defendant's cell phone and extracted from that phone after the defendant was arrested and his cell phone seized. In addition, as early as January 2023, the government informed the defendant that it intended to satisfy Rule 901's authenticity requirement through a certificate under Rule 902(13) and/or (14) and provided the relevant certification to the defense.

In the evening of April 20, 2023, the defendant asserted in Court that her objection to the government's reliance on the certificate is based on the Confrontation Clause and submitted case law on that point. Specifically, in support of his Confrontation claim, the defendant cites a non-precedential district court decision from another jurisdiction. *See United States v. Hajbeh*, 565 F. Supp. 3d 773, 774 (E.D. Va. 2021).

The district court's decision in *Hajbeh* is flawed substantially for the reason articulated by the government in that case—as well as by Judge Cooper in another recent case involving a business certification under Federal Rule of Evidence 803(6): so long as an authenticity certification "do[es] not go to any fact to be proven at trial" and "merely lay[s] a foundation for the introduction of" substantive evidence, it is not testimonial under *Crawford*. *United States v. Al-Imam*, 382 F. Supp. 3d 51, 60 (D.D.C. 2019); *see also id.* at *59 n.7 ("[C]ourts have consistently held that because certifications do not go to a fact to be proven at trial, but rather admissibility of the records, they are not testimonial and thus the Confrontation Clause is not implicated even though they are created for trial."); *United States v. Denton*, 944 F.3d 170, 184 (4th Cir. 2019) ("an affidavit that is created to authenticate or provide a copy of an otherwise admissible record" is not testimonial and thus does not implicate a defendant's Confrontation Clause rights) (alterations omitted); *United States v. Mallory*, 461 Fed. Appx 352, 356-357 (4th Cir. 2012); *United States v. Clotaire*, 963 F.3d 1288, 1296 (11th Cir. 2020); *United States v. Johnson*, 688 F.3d 494, 504-05 (8th Cir. 2012); *United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *cf. United States v. Adefehinti*, 510 F.3d 319, 327-328 (D.C. Cir. 2007).

Here the government does not intend to offer the proposed certification as evidence of any fact to be proved at trial. The government expects to submit the certification merely to establish the authenticity requirement of Rule 901—a foundation for the introduction of the photographs.[1]

---

[1] To date, the defendant has not proffered what facts, if any, he may elicit on cross-examination from the analysts who processed the phone that could undermine the authenticity of the photographs. For that reason, his underspecified objection strikes at the heart of Federal Rule of Evidence 902(13) and (14), which was promulgated to address precisely this kind of situation before trial. *See* Fed. R. Evid. 902 (committee note on rules, 2017 amendment ("As with the provisions on business records in Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary. It is often the case that a party goes to the expense of producing an

The only *substantive* evidence relating to the phone's extraction that will be offered at trial will be testimony from the FBI agent investigating the case that (i) he seized the phone from the defendant; (ii) submitted a request to the FBI Computer Analysis Response Team for the phone be extracted; and (iii) in response to his request, received files that included the photographs at issue. The defendant can cross-examine the testifying agent as to those three facts if he wishes.

For these reasons, the defendant's motion should be denied.

Dated: April 21, 2023

                                                     Respectfully submitted,

                                                    MATTHEW M. GRAVES
                                                    United States Attorney
                                                    D.C. Bar No. 481052

                           By:   */s/ Francesco Valentini*
                                                    FRANCESCO VALENTINI
                                                    D.C. Bar No. 986769
                                                    Trial Attorney
                                                    United States Department of Justice, Criminal Division
                                                    Detailed to the D.C. United States Attorney's Office
                                                    601 D Street NW
                                                    Washington, D.C. 20530
                                                    (202) 598-2337
                                                    francesco.valentini@usdoj.gov

---

authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented. The amendment provides a procedure under which the parties can determine in advance of trial whether a real challenge to authenticity will be made, and can then plan accordingly.").