1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

2
_____

3    United States of America,        )  Criminal Action
                                      )  No. 1:21-cr-00687-RC
4                    Plaintiff,       )
                                      )  **Jury Deliberations/Verdict**
5    vs.                              )
                                      )
6    David Charles Rhine,             )  Washington, D.C.
                                      )  **April 24, 2023**
7                    Defendant.       )  Time:  10 a.m.
     _____

8

**Transcript of <u>Jury Deliberations/Verdict</u>**
9                 **Held Before**
         **The Honorable Rudolph Contreras**
10          **United States District Judge**

11
**A P P E A R A N C E S**

12

For the Government:    **Francesco Valentini**
13                       DEPARTMENT OF JUSTICE
                         950 Pennsylvania Avenue, Northwest
14                       Washington, D.C. 20530

15                       **Kelly E. Moran**
                         UNITED STATES ATTORNEY'S OFFICE
16                       FOR THE DISTRICT OF COLUMBIA
                         601 D Street, Northwest
17                       Washington, D.C. 20579

18   For the Defendant:    **Rebecca C. Fish**
                           FEDERAL PUBLIC DEFENDER
19                         1331 Broadway, Suite 400
                           Tacoma, Washington 98402
20   _____

21   Stenographic Official Court Reporter:
                         Nancy J. Meyer
22                       Registered Diplomate Reporter
                         Certified Realtime Reporter
23                       333 Constitution Avenue, Northwest
                         Washington, D.C. 20001
24                       202-354-3118

25

<u>P R O C E E D I N G S</u>

1

2       (Proceedings held out of the presence of the jury.)

3       THE COURT:  All right.  Have you guys had a chance to

4  look at the note from the jury?

5       MS. FISH:  Yes, Your Honor.

6       THE COURT:  So let's go one by one.  Let's start with

7  Question No. 1 with the term restricted building or grounds.

8         Ms. Fish, I'll let you go first.

9       MS. FISH:  Your Honor, I believe the answer to

10  Question 1 should be yes, as to the first part.  This has been

11  my argument that I believe it cannot be any unrelated

12  restricted area.  It might be an area restricted because of

13  protectees visiting.

14       MR. VALENTINI:  May I respond?

15       THE COURT:  Yes.  Of course.

16       MR. VALENTINI:  Yeah, the government disagrees.  The

17  statutory language is clear.  The area must be restricted and

18  the Vice President must be present within the area.  There's no

19  causal nexus.  In fact, this is one of the questions that were

20  teed up in the pretrial motions and decided in this case, I

21  believe.

22       THE COURT:  So you agree that the answer to

23  Question 1 is yes; meaning that the term restricted building or

24  grounds describe the area because the Secret Service was

25  present because of the presence of Vice President Pence?

1          MR. VALENTINI:  No.

2          THE COURT:  Okay.

3          MR. VALENTINI:  I want to be clear.  This is an

4   either/or question.  My -- our -- our reading of the statute,

5   which is the same that the Court endorsed pretrial, is that the

6   area must be restricted in that the -- the Vice President must

7   be present or temporarily -- must be temporarily visiting or

8   going to be temporarily visiting.  But there's no causal nexus.

9   It's not -- the area need not be restricted because the

10  Vice President is visiting.  So long as the area is restricted

11  and the Vice President is visiting, the statutory requirements

12  are met.

13          And this is an issue that was actually resolved --

14  decided in this case in pretrial briefing --

15          THE COURT:  Okay.

16          MR. VALENTINI:  -- in a motion to dismiss.

17          MS. FISH:  And, Your Honor, I maintain that the

18  government's reading violates the Constitution, violates the

19  Fifth Amendment, and the First Amendments [sic], and invites

20  arbitrary enforcement, and is unduly vague.

21          THE COURT:  Okay.  But do you agree that I resolved

22  it against the defendant?

23          MS. FISH:  Your Honor did rule against it as a motion

24  to dismiss.  The government raised other arguments in that in

25  terms of ripeness.  I think here it's very clear with -- as to

1    jury instructions that the issue is ripe again.  And I maintain

2    that the government's reading violates the Constitution.

3            THE COURT:  All right.  So, Mr. Valentini, you

4    indicated that it was the -- my denial of the motion to dismiss

5    where that came up?

6            MR. VALENTINI:  Yes.  It was one of the issues teed

7    up in a motion to dismiss.  I don't take -- defense counsel to

8    take issue with that.  It was briefed, and it was decided when

9    the Court denied the motion to dismiss.

10           I've not had time in the last few minutes since we

11   received the note to go back to the precise page cite, which,

12   of course, we can do with a little bit more time.

13           THE COURT:  All right.  So with respect to

14   Question 2, your position would be that it would be -- the

15   answer -- the answer to that one is yes?

16           MR. VALENTINI:  With -- if a person -- person --

17   Question 2 asked "If a person protected by [the] Secret Service

18   was not on-site or planning to be on-site, would the area be

19   considered a 'restricted building or grounds' in the context of

20   charges 1 and 2?"

21           Well, the -- the statute does require in the definition

22   of restricted building or grounds that the area be, one,

23   posted, cordoned off, or otherwise restricted; and (b) the some

24   were -- within the building where that area is cordoned off,

25   the -- the protectee of the Secret Service must be or will be

1    temporarily visiting.

2          MS. FISH:  Your Honor, I think the answer is an easy

3    no to Question 2, even by the government's interpretation.

4    It's simply saying if there's -- if a protectee is neither

5    there nor planning to be there, is it restricted under that

6    statute?  And that's an easy no, even based on the government's

7    interpretation.

8          MR. VALENTINI:  Your Honor, that's not actually what

9    the statute says.  The statute says the term restricted

10   building or grounds means any posted, cordoned off, or

11   otherwise restricted area of a building or grounds where the

12   President or other person protected by the Secret Service is or

13   will be temporarily visiting.  So there must be a protected

14   area of the building and/or grounds and the President or

15   another protectee must be or will be temporarily visiting that

16   building or grounds at large, not necessarily the one

17   restricted area.

18          THE COURT:  All right.  Hold on one second.

19          MR. VALENTINI:  I believe this question can be

20   resolved straightforwardly just by providing the jury with the

21   definition of restricted area in the statute.

22          MS. FISH:  I'm really perplexed why the government

23   doesn't think that's a no.  Because the government has agreed

24   that an element of the restricted area is that a person

25   protected by the Secret Service is or will be visiting.  And

1    this question is, essentially, if a person protected by the

2    Secret Service is not and will not and does not plan to visit,

3    is it still considered restricted.  Even by the government's,

4    you know, definition, I disagree with, that's a no to this

5    question, I think.

6         THE COURT:  All right.  Well, if you go to -- back to

7    the jury instructions, to the definition of restricted building

8    or grounds, it says, "The term 'restricted building or grounds'

9    means any posted, cordoned off, or otherwise restricted area of

10   a building or grounds where a person protected by the

11   Secret Service is or will be temporarily visiting."  That seeks

12   to answer the question.

13        Should we just refer the jury back to the definition?

14        MS. FISH:  That's fine, Your Honor.  As to 2, I think

15   it's also just -- it's essentially that.  So I'm really

16   perplexed as to why that's not just an easy no to that

17   answer [sic], Your Honor.  Because it's, essentially, asking --

18   just making sure they understand that part of the jury

19   instruction.  So I don't see any problem with saying no.

20        MR. VALENTINI:  Your Honor, I -- I agree that the

21   best course is to just direct the jury to the portion of the

22   jury instructions.

23        As to why a yes or no is appropriate, I think it

24   depends.  Because that turns, a lot of it, on what the question

25   means by on-site.  And because that is unclear, the -- the

 1    proper course, as the Court suggested, is to direct the jury to

 2    the jury instruction, which is right on point.

 3              THE COURT:  For 1 and 2 or just 2?

 4              MR. VALENTINI:  I think for 1 the question is --

 5    is -- is clearer.  And it points to an ambiguity, perhaps --

 6    not an ambiguity, but a question that -- of interpretation that

 7    perhaps just -- the instruction as is does not spell out, and

 8    the Court has decided that there may not be any causal

 9    relationship.  So for us to -- one, I think some explanation

10    will be in order.

11              MS. FISH:  And, Your Honor, if the government -- if

12    the Court is going to simply redirect to the jury instructions

13    on 1, I think it should do so on both.  I don't think there's

14    any basis to only add clarity where it benefits the government.

15              THE COURT:  All right.  I have to go back and look at

16    the opinion to see what it is that I said.

17              All right.  How about with respect to count -- Question

18    3?

19              MR. VALENTINI:  Yes, Your Honor.  There is no

20    requirement of knowledge that the Vice President be present in

21    the area.  The requirement is that the defendant must know that

22    the area is restricted.  And both under the plain language of

23    the statute and the jury instruction that every court in this

24    district has given in these cases, there's no requirement of

25    knowledge that the Vice President or any other specific

1    Secret Service protectee or any Secret Service protectee be

2    present.

3            MS. FISH:  And, Your Honor, again, I disagree.  We've

4    discussed this previously with the jury instructions

5    themselves.  That I do believe that the knowledge element must

6    extend to the elements that make this a crime.  And the

7    government gave an instruction that at least opened that

8    interpretation.  So unless the -- or I'm sorry.

9        The Court gave an instruction that leaves open that

10   interpretation, which I think is the correct interpretation.

11   The government, obviously, disagrees.  But I think that the

12   Court should clarify either that, yes, they must know that the

13   area is restricted because a Secret Service protectee is

14   present or refer back to the existing jury instruction.

15           MR. VALENTINI:  Again, courts in this district have

16   looked at this issue specifically --

17           THE COURT:  Right.

18           MR. VALENTINI:  -- and have decided that there is no

19   requirement of knowledge as to the -- the presence of a

20   Secret Service protectee.

21           THE COURT:  Okay.  I will -- I will take a look at

22   that before I bring the jury back.

23       And with respect to Question 4, did the stipulation

24   document go back?

25           MS. FISH:  I believe it should have been.  I believe

 1    it's Government's Exhibit 600.  So I believe they should have

 2    it.

 3            MR. VALENTINI:  We agree.  And I believe it was both

 4    in the physical binder and in the thumb drive.

 5            THE COURTROOM DEPUTY:  They weren't sure what it is.

 6            MR. VALENTINI:  Right.  600.  Right.  It's

 7    Exhibit 600.

 8        Thank you very much for the clarification.

 9        MS. FISH:  And I have no problem directing them to

10    Exhibit 600 for that question.

11        THE COURT:  Okay.  All right.  At least we're in

12    agreement on one of them.

13        Okay.  I will -- I will take a look at these issues and

14    come back.

15            MS. FISH:  Thank you, Your Honor.

16        And just for the Court's reference, the Court's order

17    was Docket 79, which discusses some of the constitutional

18    issues raised as to the -- Counts 1 and 2.

19            THE COURT:  Okay.  Terrific.  Thank you.

20            (Recess taken.)

21            THE COURT:  All right.  We took a very close look at

22    this, and I think, largely, I agree with the government.

23        So my intent is to answer the questions as follows:

24    With respect to Question 1, the definition of restricted

25    building or grounds does not require that any restrictions had

1    been created because of a specific visit by a Secret Service

2    protectee.

3         With respect to 2, the Court refers the jury to the

4    elements of Count 1 and 2 as stated in the jury instructions;

5    and then I'll re-read the jury instruction.

6         With respect to Question 3, Count 2 does not require

7    that the defendant have knowledge that a Secret Service

8    protectee is or will be visiting or the timing of that visit.

9         And then Question 4, the stipulations document appears

10   at Government's Exhibit 600, and Ms. Johnson will provide it to

11   you.

12        MS. FISH:  Your Honor, briefly, as to Question 1, I

13   would note that the Court is, essentially, reversing itself on

14   that in -- I was able as well to review Docket 79 in more

15   depth.  And on page 22 of that order, at Footnote 7, the Court

16   essentially reads the -- the causal connection into the statute

17   to save it from my vagueness challenge.  Where --

18        THE COURT:  Say -- what page?

19        MS. FISH:  Page 22 of Docket No. 79, which is the

20   Court's order on my pretrial motion to dismiss, at Footnote 7.

21        You know, I'd raised that part of the vagueness -- or --

22   as well as overbreadth issues with the statute where that if

23   read in the government's way, there's no causal connection

24   between the restriction and the visit of the Secret Service

25   protectee.  But the Court held in that order that, essentially,

1     the statute does have a causal connection.

2          The government's made -- the substance of the Court's

3     order was on the identity of the party doing the restriction,

4     but I think it's very clear here that the Court agreed that

5     there should be a causal connection read in, and I do think

6     absent that causal connection, there's a clear due process

7     issue with the statute.

8          So I would ask the Court to rule otherwise, particularly

9     as to Question 1.

10          MR. VALENTINI:  Your Honor, in that footnote, I

11     believe, if I recall correctly, the Court was addressing a --

12     like a very cursory argument that had been made by the

13     defendant.

14          In context, the way I read the -- the footnote -- and,

15     of course, I don't mean to put words into the Court's mouth and

16     your personal -- what you intended to rule.  But the way I

17     understand that footnote is to be saying that there is a --

18     whatever connection is spelled out in the statute itself, which

19     says that the area must -- there must be a restricted area

20     where there is a confluence, that at that point in time, the

21     protectee of the Secret Service is either temporarily visiting

22     or would be temporarily visiting.

23          I did not read the footnote as deciding as between a

24     causal connection or a noncausal connection.  I read the

25     footnote as, essentially, saying that the connection that the

1    statute creates addresses any due process concern that the

2    defendant have raised.

3         On a slightly separate question, I do want to ask for

4    clarification as to the answer to the first question that is

5    submitted by the jury.  That question, on further review by the

6    government, and as we discussed it internally, it appears to

7    have two parts.  There also appears to be a second part, it

8    says ". . . or does the term 'restricted building or grounds'

9    describe an area with posted signs describing it is restricted,

10   or cordoned off, or otherwise restricted?"

11        So I think it would be appropriate because of the

12   suggestion there as to a question whether a signage is required

13   to say that the statute does not require signage.  It only

14   requires that the area be restricted or cordoned off or

15   otherwise -- I'm sorry -- just repeat the statutory language.

16   Because there appears to be a suggestion in the second part of

17   this question as to signage, which I think will mislead the

18   jury to the extent it's not addressed.

19        MS. FISH:  And, Your Honor, the government's argument

20   is -- is, I think, asking for far too much here.  The -- they

21   use "or" not "and."  And the Court's instruction is clear on

22   that, and I think the government is asking the Court to tip its

23   hand as to the jury's deliberations.

24        And as to the first part, I would note, you know, my

25   motion I -- I provided, for example, there could be a

1    restriction, you know, somewhere in the National Mall that has

2    nothing to do with the protectee but, say, the Vice President

3    passes through and uses the restroom there.  That area would

4    not be restricted for that person, but that person would be

5    present.

6         And the Court said, no, no, no, exactly what the statute

7    does is require that the purpose be because the protectee is --

8    is visiting, not this kind of happenstance connection.

9         THE COURT:  All right.  I'm going to overrule the

10   objection.  I'm going to read the -- the instructions just as I

11   said.  This can't keep evolving every time someone gives it

12   another thought.  So we took quite a bit of time back in

13   chambers to come up with this calcula- -- this formulation, and

14   none -- some of these arguments with respect to that footnote

15   and with respect to the government's focus on -- now on the

16   signage should have come earlier.

17        All right.  Bring the jury in.

18            (Proceedings held in the presence of the jury.)

19        THE COURT:  Good morning, everybody, and welcome

20   back.

21        So we've taken some considerable time to consider your

22   questions, and this is how we're answering them.

23        So the first question was:  Does the term, quote,

24   restricted building or grounds, end quote, describe the area

25   because -- and because is underlined -- the Secret Service was

1    present, paren, because of the presence of Vice President

2    Pence, close paren, or does the term restricted building or

3    grounds -- restricted building or grounds is quoted -- describe

4    an area with posted signs describing it -- describing it as

5    restricted or cordoned off or otherwise restricted?  This

6    relates to Counts 1 and 2.

7         So the answer to Question 1 is:  The definition of,

8    quote, restricted building or grounds, end quote, does not

9    require that any restrictions had been created because of a

10   specific visit by a Secret Service protectee.

11        Question No. 2 was:  If a person protected by

12   Secret Service was not on-site or planning to be on-site, would

13   the area be considered a, quote, restricted building or

14   grounds, end quote, in the context of Charges 1 or 2?

15        The Court refers the jury to the elements of Count 1 and

16   2 as stated in the jury instructions and the definition, which

17   I will re-read to you.  The term, quote, restricted building or

18   grounds, end quote, means any posted, cordoned off, or

19   otherwise restricted area of a building or grounds where a

20   person protected by the Secret Service is or will be

21   temporarily visiting.

22        Question No. 3 was:  In Count 1, Element 2 must the

23   defendant know that Vice President Pence was in or will be in

24   the restricted area in order for us to find this particular

25   element met?

1    The answer to Question 3 is Count [sic] 2 does

2    not require that the defendant have knowledge that a

3    Secret Service protectee is or will be visiting or the timing

4    of that visit.

5    And then Question 4 was:  Can we review the stipulation

6    document?  And the stipulation document appears at Government's

7    Exhibit 600, and Ms. Johnson informs me that you've already

8    located it.  So I think that's satisfied.

9    All right.  With that, you can continue your

10    deliberations.  And if you have any further questions, follow

11    the same process.

12    (Proceedings held out of the presence of the jury.)

13    THE COURT:  All right.  You know where to find me.

14    (Recess taken.)

15    THE COURT:  All right.  As you know, we got a request

16    from the jury that asks for written responses to the original

17    questions in writing, and I gather the parties are in

18    disagreement over what I should do.

19    MS. FISH:  Your Honor, I can begin.  I object to a

20    written response primarily because the written jury

21    instructions are what the jury already has that define the law,

22    and my concern is that written responses to discrete questions

23    will overemphasize the import of certain elements over others

24    in a way that is -- would be improper.  So that's my objection

25    to a written response --

 1          THE COURT:  Do you have a case to refer me to?

 2          MS. FISH:  I don't, Your Honor.  I apologize.  I've

 3     had a minute.

 4          THE COURT:  Sure.  No.

 5      Well, I mean, if I chose instead of giving them a

 6     written response to give them a transcript of what I read,

 7     would that change your mind?

 8          MS. FISH:  That would be less problematic.  My -- my

 9     concern is, essentially, receiving a written response in the

10     same manner as jury instructions and that that would appear to

11     kind of emphasize certain elements.  So I'd be less opposed to

12     a transcript.  I certainly can appreciate that people have

13     different ways of processing information, but don't want to

14     overemphasize the import of answers.

15          THE COURT:  First, before you go, Mr. Valentini, what

16     is the feasibility, Nancy, of giving them a transcript of what

17     my instructions were?

18          THE COURT REPORTER:  I can provide it to the law

19     clerk, who can print it out.

20          THE COURT:  That's possible?

21          THE COURT REPORTER:  Yes.

22          THE COURT:  Mr. Valentini.

23          MR. VALENTINI:  We're not aware of any precedent that

24     would prevent the Court from proceeding as it suggests, and we

25     defer to the Court as to how to proceed.

1          THE COURT:  I will provide the transcript then, given

2    that it's feasible.

3          All right.  We'll go ahead and do that without further

4    input from the attorneys; is that agreeable?

5          MR. VALENTINI:  Understood.

6          MS. FISH:  Yes, Your Honor.

7          THE COURT:  Thank you.  All right.  Thank you.

8          (Recess taken.)

9          THE COURT:  So I already went over -- or you guys

10   already have the note from the jury.  It -- so we're all in

11   agreement that I made a mistake and I can clarify that?

12         MS. FISH:  Yes, Your Honor.

13         MR. VALENTINI:  Yes, Your Honor.

14         THE COURT:  Okay.  So there's an added twist in that.

15   As soon as we got this one, they sent out a second one.  And

16   the second one, they've reached a verdict.

17         So what I'm going to do is I'm going to clarify because,

18   obviously, the verdict can't base on an ambiguity or confusion.

19   So I'm going to clarify and then give them a fresh verdict form

20   and say go back -- now that you have this clarification, go

21   back and continue to deliberate, and to the extent you reach a

22   verdict, record a new one.

23         MR. VALENTINI:  Thank you, Your Honor.

24         MS. FISH:  That's sounds good, Your Honor.

25         THE COURT:  Okay.  Let's bring them in.

1          (Proceedings held in the presence of the jury.)

2          THE COURT:  Thank you.

3          All right.  So I'm going to deal with these -- we got

4  two notes from the jury.  I'm going to deal with them in order.

5          So the first note was "The transcript of the answer to

6  Question Three references Count Two.  Whereas Question Three

7  referred to Count One Element Two.  Can you please clarify that

8  the answer to Question Three actually should reference

9  Count One Element Two."

10          And you are correct.  I misspoke.  So the Court's

11  response to Question 3 should have referred to Count 1, not

12  Count 2.

13          The response to Question 3, therefore, is Count 1 does

14  not require that the defendant have knowledge that a

15  Secret Service protectee is or will be visiting or the timing

16  of that visit.

17          So that clarifies that point.

18          Now, we -- the second note was that the jury reached a

19  verdict.  Obviously, you can't reach a verdict if there's any

20  confusion.  So just to make the record crystal clear, what I'm

21  going to do is I'm going to give you a fresh form, and I'm

22  going to send you back.  You can continue your deliberations

23  and -- and consider this clarification, to -- to the extent you

24  are able to reach a new verdict.

25          All right.  Thank you.  And Ms. Johnson will give you a

1    new verdict form.

2         (Proceedings held out of the presence of the jury.)

3         THE COURT:  All right.  Don't go far.

4         (Recess taken.)

5         THE COURT:  All right.  Are we ready to bring in the

6    jury?

7         MS. FISH:  Yes, Your Honor.

8         MR. VALENTINI:  Yes, Your Honor.

9         THE COURT:  All right.  Let's do that.

10        (Proceedings held in the presence of the jury.)

11        THE COURT:  All right.  Welcome back.  I gather that

12   you've reached a verdict.

13        And now, Ms. Johnson, I will ask for you to read it.

14        THE COURTROOM DEPUTY:  Foreperson, in the matter of

15   United States of America v. David Charles Rhine, Criminal

16   Action 21-687, for Count 1, charging defendant with entering

17   and remaining in a restricted building or grounds, how do you

18   find the defendant?  Guilty or not guilty?

19        THE FOREPERSON:  Guilty.

20        THE COURTROOM DEPUTY:  For Count 2, which charges the

21   defendant with disorderly and disruptive conduct in a

22   restricted building or grounds, how do you find the defendant?

23   Guilty or not guilty?

24        THE FOREPERSON:  Guilty.

25        THE COURTROOM DEPUTY:  Count 3 charging the defendant

1    with disorderly conduct in a Capitol Building or Grounds, how

2    do you find the defendant?  Guilty or not guilty?

3              THE FOREPERSON:  Guilty.

4              THE COURTROOM DEPUTY:  Count 4, charging the

5    defendant with parading, demonstrating, or picketing in a

6    Capitol Building, how do you find the defendant?  Guilty or not

7    guilty?

8              THE FOREPERSON:  Guilty.

9              THE COURTROOM DEPUTY:  Juror No. 1, is that your

10   verdict?

11             JUROR NO. 1:  Yes.

12             THE COURTROOM DEPUTY:  Juror No. 2, is that your

13   verdict?

14             JUROR NO. 2:  Yes.

15             THE COURTROOM DEPUTY:  Juror No. 3, is that your

16   verdict?

17             JUROR NO. 3:  Yes.

18             THE COURTROOM DEPUTY:  Juror No. 4, is that your

19   verdict?

20             JUROR NO. 4:  Yes.

21             THE COURTROOM DEPUTY:  Juror No. 5, is that your

22   verdict?

23             JUROR NO. 5:  Yes.

24             THE COURTROOM DEPUTY:  Juror No. 6, is that your

25   verdict?

```
 1                    JUROR NO. 6:  Yes.

 2                    THE COURTROOM DEPUTY:  Juror No. 7, is that your

 3        verdict?  I'm sorry.  Juror No. 8, is that your verdict?

 4                    JUROR NO. 8:  Yes.

 5                    THE COURTROOM DEPUTY:  Juror No. 9, is that your

 6        verdict?

 7                    JUROR NO. 9:  Yes.

 8                    THE COURTROOM DEPUTY:  Juror No. 10, is that your

 9        verdict?

10                    JUROR NO. 10:  Yes.

11                    THE COURTROOM DEPUTY:  Juror No. 11, is that your

12        verdict?

13                    JUROR NO. 11:  Yes.

14                    THE COURTROOM DEPUTY:  8, 9, 10, 11 -- Juror No. 12,

15        is that your verdict?

16                    JUROR NO. 12:  Yes.

17                    THE COURTROOM DEPUTY:  Juror No. 13, is that your

18        verdict?

19                    JUROR NO. 13:  Yes.

20                    THE COURTROOM DEPUTY:  The jury has been polled,

21        Your Honor.

22                    THE COURT:  All right.  Well, thank you very much for

23        your service.  As I said at the beginning, without you this

24        process simply couldn't work.

25                    I have to -- I'm not going to keep you a minute more
```

1     than necessary, but I would like to come back and personally

2     thank you.  But if you have to go, by all means do so.

3          But I have to set some things with the parties that will

4     only take a few minutes.  And then I'll come back to whoever is

5     still there.  I'd like to thank you personally.

6          So thank you for your service.

7          (Proceedings held out of the presence of the jury.)

8          THE COURT:  Do you have your calendars to set a

9     sentencing date?

10          MS. FISH:  Yes, Your Honor.  One moment.

11          MR. VALENTINI:  Sure.

12          MS. FISH:  Yes, Your Honor.  May I have one moment

13     with my client?

14          THE COURT:  Of course.

15          MS. FISH:  Thank you, Your Honor.

16          THE COURT:  Sure.  All right.  So because there are

17     so many of these January 6th defendants, the probation office

18     is -- needs somewhat more time, in particular for defendants

19     that are not detained.  So in order to allow them the time

20     period needed to prepare the presentence report, how does the

21     week of September 18th look for the parties?

22          MS. FISH:  Your Honor, I'm currently scheduled for

23     a felony trial in my Washington that week.  If there's

24     something the --

25          THE COURT:  What day does that trial start?

1          MS. FISH:  The 18th, Your Honor.  I apologize.  The

2     17th, the Monday.

3          THE COURT:  Okay.  How about the week before?

4          MS. FISH:  I could do the week before so long as it

5     was a remote hearing, Your Honor.

6          THE COURT:  As long as what?

7          MS. FISH:  It was remote, Your Honor.  Otherwise, it

8     would require me to travel back and forth.

9          THE COURT:  I don't think I have the authority to

10    do a sentencing -- well, this is a misdemeanor sentencing.  So

11    I think I may still have the ability to do a sentencing

12    remotely, although that's probably likely to expire by

13    September.

14         MS. FISH:  So, Your Honor, actually, under Rule 43 on

15    a misdemeanor, the Court with the -- the person charged's

16    consent can waive physical presence for, essentially, any

17    hearing, and I can pull up the subsection.  Alternately, the

18    week after would work better than the week before for me.

19         THE COURT:  I'm in trial the week after.  So if the

20    defendant consents, Mr. Valentini, do you consent to having the

21    sentencing remotely?

22         MR. VALENTINI:  We would prefer to have the

23    sentencing in person, even if that means going an extra week on

24    the back end.

25         THE COURT:  Okay.  Why?

```
 1              MR. VALENTINI:  Just because the trial was in person,
 2    and depending on how the Court decides to -- to resolve the --
 3              THE COURT:  I'm not going to step him back.
 4              MR. VALENTINI:  I understand that.
 5              THE COURT:  All right.  So do you believe -- do you
 6    agree that I have the authority to do it remotely because it's
 7    a misdemeanor?
 8              MR. VALENTINI:  Because it's a misdemeanor, yes.
 9              THE COURT:  So let's do it remotely then the week of
10    September 11th.
11              MS. FISH:  Your Honor, just for the record, it's
12    subsection (b)(2) of Rule 43 that allows that.
13              THE COURT:  (b)(2) of subsection?
14              MS. FISH:  Of Criminal Rule 43.
15              THE COURT:  Okay.  I'll check it between now and
16    then.
17         All right.  And then I'll send an order out in the next
18    couple days working back from then as to when the memoranda is
19    due.
20              THE COURTROOM DEPUTY:  Are we going to set a date?
21              THE COURT:  Your schedule seems the most difficult,
22    Ms. Fish, so what day that week works best for you?
23              MS. FISH:  Just the earlier side due to my trial the
24    following Monday.  So Monday, Tuesday, Wednesday would be my
25    preference.
```

```
 1              THE COURTROOM DEPUTY:  So Monday, September 11th?
 2              MS. FISH:  That works.  Thank you.
 3              THE COURT:  At 10:00 a.m. or -- no, because you're on
 4     the --
 5              MS. FISH:  I'm on the West Coast.  So I'm three hours
 6     behind you-all, so.
 7              THE COURTROOM DEPUTY:  2:00 p.m.?
 8              MS. FISH:  2:00 p.m. would be wonderful.
 9              THE COURT:  So September 11th at 2:00 p.m.
10          All right.  So, Mr. Rhine, I have to give you a
11     warning that we've now set a sentencing date, and you're
12     required to appear in this case remotely for that sentencing.
13     Failure to appear as required is a separate criminal offense
14     for which you could be sentenced to imprisonment.  And that
15     all the conditions on which you've been released up to now
16     continue to apply and will apply until then.  And that the
17     penalties for violating these conditions can be severe.  And
18     that committing a crime while on release could subject you to
19     more severe punishment than you would have received under that
20     crime if you were not under the release conditions.
21          Do you understand that?
22              THE DEFENDANT:  I do.
23              THE COURT:  Okay.  Anything else we need to resolve
24     now?
25              MR. VALENTINI:  No, Your Honor.
```

```
 1              MS. FISH:  One moment, Your Honor.

 2         Your Honor, I may be filing a forthcoming motion

 3    regarding the travel restrictions of bond.  I don't believe

 4    that there's an issue as much with the kind of stay-away from

 5    the D.C. area but for court hearings issue.  But there's been

 6    an administrative, kind of, flag put on Mr. Rhine that doesn't

 7    impede his ability to travel otherwise.

 8              THE COURT:  Just submit something short in writing

 9    so then I can consult with the pretrial services and probation.

10              MS. FISH:  Thank you, Your Honor.

11              THE COURT:  All right.  All right.  And, Ms. Fish,

12    it's always refreshing to know that the D.C. federal

13    public defender's office does not have a monopoly on talent,

14    so.

15              MS. FISH:  Thank you, Your Honor.

16              THE COURT:  I'm always -- I'm always shocked when

17    defendants choose to pay an attorney because they think federal

18    public defenders are subpar, but you did a fine job.

19              MS. FISH:  Thank you, Your Honor.

20              THE COURT:  All right.  Thank you.  You're excused.

21              (Proceedings were concluded at 2:56 p.m.)

22

23

24

25
```

1          CERTIFICATE OF STENOGRAPHIC OFFICIAL COURT REPORTER

2

3          I, Nancy J. Meyer, Registered Diplomate Reporter,

4    Certified Realtime Reporter, do hereby certify that the above

5    and foregoing constitutes a true and accurate transcript of my

6    stenograph notes and is a full, true, and complete transcript

7    of the proceedings to the best of my ability.

8

9                    Dated this 17th day of July, 2023.

10

11                    /s/ Nancy J. Meyer
                      Nancy J. Meyer
12                    Official Court Reporter
                      Registered Diplomate Reporter
13                    Certified Realtime Reporter
                      333 Constitution Avenue Northwest
14                    Washington, D.C. 20001

15

16

17

18

19

20

21

22

23

24

25

**'**

**'restricted** [3] - 507:19, 509:8, 515:8

**1**

**1** [19] - 507:20, 510:3, 510:4, 510:13, 512:18, 512:24, 513:4, 513:12, 514:9, 517:6, 517:7, 517:14, 517:15, 517:22, 521:11, 521:13, 522:16, 523:9, 523:11
**10** [3] - 524:8, 524:10, 524:14
**10:00** [1] - 528:3
**11** [3] - 524:11, 524:13, 524:14
**11th** [3] - 527:10, 528:1, 528:9
**12** [2] - 524:14, 524:16
**13** [2] - 524:17, 524:19
**17th** [1] - 526:2
**18th** [2] - 525:21, 526:1

**2**

**2** [21] - 507:14, 507:17, 507:20, 508:3, 509:14, 510:3, 512:18, 513:3, 513:4, 513:6, 517:6, 517:11, 517:14, 517:16, 517:22, 518:1, 521:12, 522:20, 523:12, 523:14
**21-687** [1] - 522:16
**22** [2] - 513:15, 513:19
**2:00** [3] - 528:7, 528:8, 528:9
**2:56** [1] - 529:21

**3**

**3** [9] - 510:18, 513:6, 517:22, 518:1, 521:11, 521:13, 522:25, 523:15, 523:17

**4**

**4** [6] - 511:23, 513:9, 518:5, 523:4, 523:18, 523:20
**43** [3] - 526:14, 527:12, 527:14

**5**

**5** [2] - 523:21, 523:23

**6**

**6** [2] - 523:24, 524:1
**600** [6] - 512:1, 512:6, 512:7, 512:10, 513:10, 518:7
**6th** [1] - 525:17

**7**

**7** [3] - 513:15, 513:20, 524:2
**79** [3] - 512:17, 513:14, 513:19

**8**

**8** [3] - 524:3, 524:4, 524:14

**9**

**9** [3] - 524:5, 524:7, 524:14

**A**

**a.m** [1] - 528:3
**ability** [2] - 526:11, 529:7
**able** [2] - 513:14, 521:24
**absent** [1] - 514:6
**Action** [1] - 522:16
**add** [1] - 510:14
**added** [1] - 520:14
**addressed** [1] - 515:18
**addresses** [1] - 515:1
**addressing** [1] - 514:11
**administrative** [1] - 529:6
**agree** [5] - 506:21, 509:20, 512:3, 512:22, 527:6
**agreeable** [1] - 520:4
**agreed** [2] - 508:23, 514:4
**agreement** [2] - 512:12, 520:11
**ahead** [1] - 520:3
**allow** [1] - 525:19
**allows** [1] - 527:12
**alternately** [1] - 526:17
**ambiguity** [3] - 510:5, 510:6, 520:18

**Amendment** [1] - 506:19
**Amendments** [1] - 506:19
**America** [1] - 522:15
**answer** [11] - 507:15, 508:2, 509:12, 509:17, 512:23, 515:4, 517:7, 518:1, 521:5, 521:8
**answering** [1] - 516:22
**answers** [1] - 519:14
**apologize** [2] - 519:2, 526:1
**appear** [3] - 519:10, 528:12, 528:13
**apply** [2] - 528:16
**appreciate** [1] - 519:12
**appropriate** [2] - 509:23, 515:11
**arbitrary** [1] - 506:20
**area** [26] - 506:6, 506:9, 506:10, 507:18, 507:22, 507:24, 508:11, 508:14, 508:17, 508:21, 508:24, 509:9, 510:21, 510:22, 511:13, 514:19, 515:9, 515:14, 516:3, 516:24, 517:4, 517:13, 517:19, 517:24, 529:5
**argument** [2] - 514:12, 515:19
**arguments** [2] - 506:24, 516:14
**attorney** [1] - 529:17
**attorneys** [1] - 520:4
**authority** [2] - 526:9, 527:6
**aware** [1] - 519:23

**B**

**b)(2** [2] - 527:12, 527:13
**base** [1] - 520:18
**based** [1] - 508:6
**basis** [1] - 510:14
**begin** [1] - 518:19
**beginning** [1] - 524:23
**behind** [1] - 528:6
**benefits** [1] - 510:14
**best** [3] - 509:21, 527:22
**better** [1] - 526:18

**between** [3] - 513:24, 514:23, 527:15
**binder** [1] - 512:4
**bit** [2] - 507:12, 516:12
**bond** [1] - 529:3
**briefed** [1] - 507:8
**briefing** [1] - 506:14
**briefly** [1] - 513:12
**bring** [4] - 511:22, 516:17, 520:25, 522:5
**Building** [2] - 523:1, 523:6
**building** [21] - 507:19, 507:22, 507:24, 508:10, 508:11, 508:14, 508:16, 509:7, 509:8, 509:10, 512:25, 515:8, 516:24, 517:2, 517:3, 517:8, 517:13, 517:17, 517:19, 522:17, 522:22

**C**

**calcula** [1] - 516:13
**calendars** [1] - 525:8
**Capitol** [2] - 523:1, 523:6
**case** [3] - 506:14, 519:1, 528:12
**cases** [1] - 510:24
**causal** [8] - 506:8, 510:8, 513:16, 513:23, 514:1, 514:5, 514:6, 514:24
**certain** [2] - 518:23, 519:11
**certainly** [1] - 519:12
**challenge** [1] - 513:12
**chambers** [1] - 516:13
**change** [1] - 519:7
**charged's** [1] - 526:15
**charges** [2] - 507:20, 522:20
**Charges** [1] - 517:14
**charging** [3] - 522:16, 522:25, 523:4
**Charles** [1] - 522:15
**check** [1] - 527:15
**choose** [1] - 529:17
**chose** [1] - 519:5
**cite** [1] - 507:11
**clarification** [4] - 512:8, 515:4, 520:20, 521:23
**clarifies** [1] - 521:17
**clarify** [5] - 511:12,

520:11, 520:17, 520:19, 521:7
**clarity** [1] - 510:14
**clear** [6] - 506:3, 506:25, 514:4, 514:6, 515:21, 521:20
**clearer** [1] - 510:5
**clerk** [1] - 519:19
**client** [1] - 525:13
**close** [2] - 512:21, 517:2
**Coast** [1] - 528:5
**committing** [1] - 528:18
**concern** [2] - 515:1, 518:22, 519:9
**concluded** [1] - 529:21
**conditions** [3] - 528:15, 528:17, 528:20
**conduct** [2] - 522:21, 523:1
**confluence** [1] - 514:20
**confusion** [2] - 520:18, 521:20
**connection** [10] - 513:16, 513:23, 514:1, 514:5, 514:6, 514:18, 514:24, 514:25, 516:8
**consent** [2] - 526:16, 526:20
**consents** [1] - 526:20
**consider** [2] - 516:21, 521:23
**considerable** [1] - 516:21
**considered** [3] - 507:19, 509:3, 517:13
**Constitution** [2] - 506:18, 507:2
**constitutional** [1] - 512:17
**consult** [1] - 529:9
**context** [3] - 507:19, 514:14, 517:14
**continue** [4] - 518:9, 520:21, 521:22, 528:16
**cordoned** [8] - 507:23, 507:24, 508:10, 509:9, 515:10, 515:14, 517:5, 517:18
**correct** [2] - 511:10, 521:10

correctly [1] - 514:11
counsel [1] - 507:7
count [1] - 510:17
Count [15] - 513:4,
513:6, 517:15,
517:22, 518:1,
521:6, 521:7, 521:9,
521:11, 521:12,
521:13, 522:16,
522:20, 522:25,
523:4
Counts [2] - 512:18,
517:6
couple [1] - 527:18
course [5] - 507:12,
509:21, 510:1,
514:15, 525:14
court [2] - 510:23,
529:5
COURT [59] - 506:2,
506:15, 506:21,
507:3, 507:13,
508:18, 509:6,
510:3, 510:15,
511:17, 511:21,
512:11, 512:19,
512:21, 513:18,
516:9, 516:19,
518:13, 518:15,
519:1, 519:4,
519:15, 519:18,
519:20, 519:21,
519:22, 520:1,
520:7, 520:9,
520:14, 520:25,
521:2, 522:3, 522:5,
522:9, 522:11,
524:22, 525:8,
525:14, 525:16,
525:25, 526:3,
526:6, 526:9,
526:19, 526:25,
527:3, 527:5, 527:9,
527:13, 527:15,
527:21, 528:3,
528:9, 528:23,
529:8, 529:11,
529:16, 529:20
Court [21] - 506:5,
507:9, 510:1, 510:8,
510:12, 511:9,
511:12, 513:3,
513:13, 513:15,
513:25, 514:4,
514:8, 514:11,
515:22, 516:6,
517:15, 519:24,
519:25, 526:15,
527:2
Court's [7] - 512:16,

513:20, 514:2,
514:15, 515:21,
521:10
COURTROOM [21] -
512:5, 522:14,
522:20, 522:25,
523:4, 523:9,
523:12, 523:15,
523:18, 523:21,
523:24, 524:2,
524:5, 524:8,
524:11, 524:14,
524:17, 524:20,
527:20, 528:1, 528:7
courts [1] - 511:15
created [2] - 513:1,
517:9
creates [1] - 515:1
crime [3] - 511:6,
528:18, 528:20
Criminal [2] - 522:15,
527:14
criminal [1] - 521:18
crystal [1] - 521:20
cursory [1] - 514:12

# D

D.C [2] - 529:5, 529:12
date [3] - 525:9,
527:20, 528:11
David [1] - 522:15
days [1] - 527:18
deal [2] - 521:3, 521:4
decided [4] - 506:14,
507:8, 510:8, 511:18
decides [1] - 527:2
deciding [1] - 514:23
defendant [17] -
506:22, 510:21,
513:7, 514:13,
515:2, 517:23,
518:2, 521:14,
522:16, 522:18,
522:21, 522:22,
522:25, 523:2,
523:5, 523:6, 526:20
DEFENDANT [1] -
528:22
defendants [3] -
525:17, 525:18,
529:17
defender's [1] -
529:13
defenders [1] - 529:18
defense [1] - 507:7
defer [1] - 518:21
define [1] - 518:21
definition [8] - 507:21,
508:21, 509:4,

509:7, 509:13,
512:24, 517:7,
517:16
deliberate [1] - 520:21
deliberations [3] -
515:23, 518:10,
521:22
demonstrating [1] -
523:5
denial [1] - 507:4
denied [1] - 507:9
depth [1] - 513:15
DEPUTY [21] - 512:5,
522:14, 522:20,
522:25, 523:4,
523:9, 523:12,
523:15, 523:18,
523:21, 523:24,
524:2, 524:5, 524:8,
524:11, 524:14,
524:17, 524:20,
527:20, 528:1, 528:7
describe [3] - 515:9,
516:24, 517:3
describing [3] - 515:9,
517:4
detained [1] - 525:19
different [1] - 519:13
difficult [1] - 527:21
direct [2] - 509:21,
510:1
directing [1] - 512:9
disagree [2] - 509:4,
511:3
disagreement [1] -
518:18
disagrees [1] - 511:11
discrete [1] - 518:22
discussed [2] - 511:4,
515:6
discusses [1] - 512:17
dismiss [6] - 506:16,
506:24, 507:4,
507:7, 507:9, 513:20
disorderly [2] -
522:21, 523:1
disruptive [1] - 522:21
district [2] - 510:24,
511:15
Docket [3] - 512:17,
513:14, 513:19
document [4] -
511:24, 513:9, 518:6
drive [1] - 512:4
due [4] - 514:6, 515:1,
527:19, 527:23

# E

easy [3] - 508:2,

508:6, 509:16
either [2] - 511:12,
514:21
either/or [1] - 506:4
element [3] - 508:24,
511:5, 517:25
Element [3] - 517:22,
521:7, 521:9
elements [5] - 511:6,
513:4, 517:15,
518:23, 519:11
emphasize [1] -
519:11
end [5] - 516:24,
517:8, 517:14,
517:18, 526:24
endorsed [1] - 506:5
enforcement [1] -
506:20
entering [1] - 522:16
essentially [2] - 509:1,
509:15, 509:17,
513:13, 513:16,
513:25, 514:25,
519:9, 526:16
evolving [1] - 516:11
exactly [1] - 516:6
example [1] - 515:25
excused [1] - 529:20
Exhibit [5] - 512:1,
512:7, 512:10,
513:10, 518:7
existing [1] - 511:14
expire [1] - 526:12
explanation [1] -
510:9
extend [1] - 511:6
extent [3] - 515:18,
520:21, 521:23
extra [1] - 526:23

# F

failure [1] - 528:13
far [2] - 515:20, 522:3
feasibility [1] - 519:16
feasible [1] - 520:2
federal [2] - 529:12,
529:17
felony [1] - 525:23
few [2] - 507:10, 525:4
Fifth [1] - 506:19
filing [1] - 529:2
fine [2] - 509:14,
529:18
first [5] - 515:4,
515:24, 516:23,
519:15, 521:5
First [1] - 506:19
fish [2] - 527:22,

529:11
FISH [38] - 506:17,
506:23, 508:2,
508:22, 509:14,
510:11, 511:3,
511:25, 512:9,
512:15, 513:12,
513:19, 515:19,
518:19, 519:2,
519:8, 520:6,
520:12, 520:24,
522:7, 525:10,
525:12, 525:15,
525:22, 526:1,
526:4, 526:7,
526:14, 527:11,
527:14, 527:23,
528:2, 528:5, 528:8,
529:1, 529:10,
529:15, 529:19
flag [1] - 529:6
focus [1] - 516:15
follow [1] - 518:10
following [2] - 527:24
follows [1] - 512:23
footnote [6] - 514:10,
514:14, 514:17,
514:23, 514:25,
516:14
Footnote [2] - 513:15,
513:20
foreperson [1] -
522:14
FOREPERSON [4] -
522:19, 522:24,
523:3, 523:8
form [3] - 520:19,
521:21, 522:1
formulation [1] -
516:13
forth [1] - 526:8
forthcoming [1] -
529:2
fresh [2] - 520:19,
521:21

# G

gather [2] - 518:17,
522:11
given [2] - 510:24,
520:1
government [10] -
506:24, 508:22,
508:23, 510:11,
510:14, 511:7,
511:11, 512:22,
515:6, 515:22
Government's [3] -
512:1, 513:10, 518:6

533

**government's** [9] -
506:18, 507:2,
508:3, 508:6, 509:3,
513:23, 514:2,
515:19, 516:15
**Grounds** [1] - 523:1
**grounds** [17] - 507:22,
508:10, 508:11,
508:14, 508:16,
509:8, 509:10,
512:25, 516:24,
517:3, 517:8,
517:14, 517:18,
517:19, 522:17,
522:22
**grounds'** [3] - 507:19,
509:8, 515:8
**guilty** [11] - 522:18,
522:19, 522:23,
522:24, 523:2,
523:3, 523:6, 523:7,
523:8
**Guilty** [1] - 522:23
**guys** [1] - 520:9

## H

**hand** [1] - 515:23
**happenstance** [1] -
516:8
**hearing** [2] - 526:5,
526:17
**hearings** [1] - 529:5
**held** [7] - 513:25,
516:18, 518:12,
521:1, 522:2,
522:10, 525:7
**hold** [1] - 508:18
**Honor** [39] - 506:17,
506:23, 508:2,
508:8, 509:14,
509:17, 509:20,
510:11, 510:19,
511:3, 512:15,
513:12, 514:10,
515:19, 518:19,
519:2, 520:6,
520:12, 520:13,
520:23, 520:24,
522:7, 522:8,
524:21, 525:10,
525:12, 525:15,
525:22, 526:1,
526:5, 526:7,
526:14, 527:11,
528:25, 529:1,
529:2, 529:10,
529:15, 529:19
**hours** [1] - 528:5

## I

**identity** [1] - 514:3
**impede** [1] - 529:7
**import** [2] - 518:23,
519:14
**imprisonment** [1] -
528:14
**improper** [1] - 518:24
**indicated** [1] - 507:4
**information** [1] -
519:13
**informs** [1] - 518:7
**input** [1] - 520:4
**instead** [1] - 519:5
**instruction** [9] -
509:19, 510:2,
510:7, 510:23,
511:7, 511:9,
511:14, 513:5,
515:21
**instructions** [11] -
507:1, 509:7,
509:22, 510:12,
511:4, 513:4,
516:10, 517:16,
518:21, 519:10,
519:17
**intended** [1] - 514:16
**intent** [1] - 512:23
**internally** [1] - 515:6
**interpretation** [6] -
508:3, 508:7, 510:6,
511:8, 511:10
**invites** [1] - 506:19
**issue** [7] - 506:13,
507:1, 507:8,
511:16, 514:7,
529:4, 529:5
**issues** [4] - 507:6,
512:13, 512:18,
513:22
**itself** [2] - 513:13,
514:18

## J

**January** [1] - 525:17
**job** [1] - 529:18
**Johnson** [4] - 513:10,
518:7, 521:25,
522:13
**Juror** [10] - 523:9,
523:15, 523:21,
523:24, 524:2,
524:3, 524:8,
524:11, 524:14,
524:17
**JUROR** [12] - 523:11,
523:14, 523:17,

523:20, 523:23,
524:1, 524:4, 524:7,
524:10, 524:13,
524:16, 524:19
**juror** [3] - 523:12,
523:18, 524:5
**jury** [37] - 507:1,
508:20, 509:7,
509:13, 509:18,
509:21, 509:22,
510:1, 510:2,
510:12, 510:23,
511:4, 511:14,
511:22, 513:3,
513:4, 513:5, 515:5,
515:18, 516:17,
516:18, 517:15,
517:16, 518:12,
518:16, 518:20,
518:21, 519:10,
520:10, 521:1,
521:4, 521:18,
522:2, 522:6,
522:10, 524:20,
525:7
**jury's** [1] - 515:23

## K

**keep** [2] - 516:11,
524:25
**kind** [4] - 516:8,
519:11, 529:4, 529:6
**knowledge** [7] -
510:20, 510:25,
511:5, 511:19,
513:7, 518:2, 521:14

## L

**language** [2] - 510:22,
515:15
**large** [1] - 508:16
**largely** [1] - 512:22
**last** [1] - 507:10
**law** [2] - 518:21,
519:18
**least** [2] - 511:7,
512:11
**leaves** [1] - 511:9
**less** [2] - 519:8,
519:11
**likely** [1] - 526:12
**located** [1] - 518:8
**look** [5] - 510:15,
511:21, 512:13,
512:21, 525:21
**looked** [1] - 511:16

## M

**maintain** [2] - 506:17,
507:1
**Mall** [1] - 516:1
**manner** [1] - 519:10
**matter** [1] - 522:14
**mean** [2] - 514:15,
519:5
**means** [6] - 508:10,
509:9, 509:25,
517:18, 525:2,
526:23
**memoranda** [1] -
527:18
**met** [2] - 506:12,
517:25
**mind** [1] - 519:7
**minute** [2] - 519:3,
524:25
**minutes** [2] - 507:10,
525:4
**misdemeanor** [4] -
526:10, 526:15,
527:7, 527:8
**mislead** [1] - 515:17
**misspoke** [1] - 521:10
**mistake** [1] - 520:11
**moment** [3] - 525:10,
525:12, 529:1
**Monday** [4] - 526:2,
527:24, 528:1
**monopoly** [1] - 529:13
**morning** [1] - 516:19
**most** [1] - 527:21
**motion** [8] - 506:16,
506:23, 507:4,
507:7, 507:9,
513:20, 515:25,
529:2
**mouth** [1] - 514:15
**must** [12] - 506:6,
506:7, 507:25,
508:13, 508:15,
510:21, 511:5,
511:12, 514:19,
517:22

## N

**Nancy** [1] - 519:16
**National** [1] - 516:1
**necessarily** [1] -
508:16
**necessary** [1] - 525:1
**need** [2] - 506:9,
528:23
**needed** [1] - 525:20
**needs** [1] - 525:18
**new** [3] - 520:22,

521:24, 522:1
**next** [1] - 527:17
**nexus** [1] - 506:8
**NO** [12] - 523:11,
523:14, 523:17,
523:20, 523:23,
524:1, 524:4, 524:7,
524:10, 524:13,
524:16, 524:19
**noncausal** [1] -
514:24
**none** [1] - 516:14
**note** [6] - 507:11,
513:13, 515:24,
520:10, 521:5,
521:18
**notes** [1] - 521:4
**nothing** [1] - 516:2

## O

**object** [1] - 518:19
**objection** [2] - 516:10,
518:24
**obviously** [3] -
511:11, 520:18,
521:19
**offense** [1] - 528:13
**office** [2] - 525:17,
529:13
**on-site** [5] - 507:18,
509:25, 517:12
**one** [14] - 507:6,
507:15, 507:22,
508:16, 508:18,
510:9, 512:12,
520:15, 520:16,
520:22, 525:10,
525:12, 529:1
**One** [2] - 521:7, 521:9
**open** [1] - 511:9
**opened** [1] - 511:7
**opinion** [1] - 510:16
**opposed** [1] - 519:11
**order** [10] - 510:10,
512:16, 513:15,
513:20, 513:25,
514:3, 517:24,
521:4, 525:19,
527:17
**original** [1] - 518:16
**otherwise** [10] -
507:23, 508:11,
509:9, 514:8,
515:10, 515:15,
517:5, 517:19,
526:7, 529:7
**overbreadth** [1] -
513:22
**overemphasize** [2] -

534

518:23, 519:14
**overrule** [1] - 516:9

## P

**p.m** [4] - 528:7, 528:8,
528:9, 529:21
**page** [4] - 507:11,
513:15, 513:18,
513:19
**parading** [1] - 523:5
**paren** [2] - 517:1,
517:2
**part** [5] - 509:18,
513:21, 515:7,
515:16, 515:24
**particular** [2] - 517:24,
525:18
**particularly** [1] - 514:8
**parties** [3] - 518:17,
525:3, 525:21
**parts** [1] - 515:7
**party** [1] - 514:3
**passes** [1] - 516:3
**pay** [1] - 529:17
**penalties** [1] - 528:17
**Pence** [2] - 517:2,
517:23
**people** [1] - 519:12
**perhaps** [2] - 510:5,
510:7
**period** [1] - 525:20
**perplexed** [2] -
508:22, 509:16
**person** [14] - 507:16,
507:17, 508:12,
508:24, 509:1,
509:10, 516:4,
517:11, 517:20,
526:15, 526:23,
527:1
**personal** [1] - 514:16
**personally** [2] - 525:1,
525:5
**physical** [2] - 512:4,
526:16
**picketing** [1] - 523:5
**plain** [1] - 510:22
**plan** [1] - 509:2
**planning** [3] - 507:18,
508:5, 517:12
**point** [3] - 510:2,
514:20, 521:17
**points** [1] - 510:5
**polled** [1] - 524:20
**portion** [1] - 509:21
**position** [1] - 507:14
**possible** [1] - 519:20
**posted** [6] - 507:23,
508:10, 509:9,

515:9, 517:4, 517:18
**precedent** [1] - 519:23
**precise** [1] - 507:11
**prefer** [1] - 526:22
**preference** [1] -
527:25
**prepare** [1] - 525:20
**presence** [9] - 511:19,
516:18, 517:1,
518:12, 521:1,
522:2, 522:10,
525:7, 526:16
**present** [6] - 506:7,
510:20, 511:2,
511:14, 516:5, 517:1
**presentence** [1] -
525:20
**President** [10] - 506:6,
506:10, 506:11,
508:12, 508:14,
510:20, 510:25,
516:2, 517:1, 517:23
**pretrial** [4] - 506:5,
506:14, 513:20,
529:9
**prevent** [1] - 519:24
**previously** [1] - 511:4
**primarily** [1] - 518:20
**print** [1] - 519:19
**probation** [2] -
525:17, 529:9
**problem** [2] - 509:19,
512:9
**problematic** [1] -
519:8
**proceed** [1] - 519:25
**proceeding** [1] -
519:24
**Proceedings** [7] -
516:18, 518:12,
521:1, 522:2,
522:10, 525:7,
529:21
**process** [4] - 514:6,
515:1, 518:11,
524:24
**processing** [1] -
519:13
**proper** [1] - 510:1
**protected** [8] - 507:17,
508:12, 508:13,
508:25, 509:1,
509:10, 517:11,
517:20
**protectee** [16] -
507:25, 508:4,
508:15, 511:1,
511:13, 511:20,
513:2, 513:8,
513:25, 514:21,

516:2, 516:7,
517:10, 518:3,
521:15
**provide** [3] - 513:10,
519:18, 520:1
**provided** [1] - 515:25
**providing** [1] - 508:20
**public** [2] - 529:13,
529:18
**pull** [1] - 526:17
**punishment** [1] -
528:19
**purpose** [1] - 516:7

## Q

**questions** [5] -
512:23, 516:22,
518:10, 518:17,
518:22
**quite** [1] - 516:12
**quote** [8] - 516:23,
516:24, 517:8,
517:13, 517:14,
517:17, 517:18
**quoted** [1] - 517:3

## R

**raised** [4] - 506:24,
512:18, 513:21,
515:2
**re** [2] - 513:5, 517:17
**re-read** [2] - 513:5,
517:17
**reach** [3] - 520:21,
521:19, 521:24
**reached** [3] - 520:16,
521:18, 522:12
**read** [10] - 513:5,
513:23, 514:5,
514:14, 514:23,
514:24, 516:10,
517:17, 519:6,
522:13
**reading** [3] - 506:4,
506:18, 507:2
**reads** [1] - 513:16
**ready** [1] - 522:5
**really** [2] - 508:22,
509:15
**received** [2] - 507:11,
528:19
**receiving** [1] - 519:9
**Recess** [4] - 512:20,
518:14, 520:8, 522:4
**record** [3] - 520:22,
521:20, 527:11
**redirect** [1] - 510:12
**refer** [3] - 509:13,
511:14, 519:1

**reference** [2] - 512:16,
521:8
**references** [1] - 521:6
**referred** [2] - 521:7,
521:11
**refers** [2] - 513:3,
517:15
**refreshing** [1] - 529:12
**regarding** [1] - 529:3
**relates** [1] - 517:6
**relationship** [1] -
510:9
**release** [2] - 528:18,
528:20
**released** [1] - 528:15
**remaining** [1] - 522:17
**remote** [2] - 526:5,
526:7
**remotely** [5] - 526:12,
526:21, 527:6,
527:9, 528:12
**repeat** [1] - 515:15
**report** [1] - 525:20
**REPORTER** [2] -
519:18, 519:21
**request** [1] - 518:15
**require** [9] - 507:21,
512:25, 513:6,
515:13, 516:7,
517:9, 518:2,
521:14, 526:8
**required** [3] - 515:12,
528:12, 528:13
**requirement** [4] -
510:20, 510:21,
510:24, 511:19
**requirements** [1] -
506:11
**requires** [1] - 515:14
**resolve** [2] - 527:2,
528:23
**resolved** [3] - 506:13,
506:21, 508:20
**respect** [8] - 507:13,
510:17, 511:23,
512:24, 513:3,
513:6, 516:14,
516:15
**response** [6] - 518:20,
518:25, 519:6,
519:9, 521:11,
521:13
**responses** [2] -
518:16, 518:22
**restricted** [34] - 506:6,
506:9, 506:10,
507:22, 507:23,
508:5, 508:9,
508:11, 508:17,
508:21, 508:24,

509:3, 509:7, 509:9,
510:22, 511:13,
512:24, 514:19,
515:9, 515:10,
515:14, 516:4,
516:24, 517:2,
517:3, 517:5, 517:8,
517:13, 517:17,
517:19, 517:24,
522:17, 522:22
**restriction** [3] -
513:24, 514:3, 516:1
**restrictions** [3] -
512:25, 517:9, 529:3
**restroom** [1] - 516:3
**reversing** [1] - 513:13
**review** [3] - 513:14,
515:5, 518:5
**Rhine** [3] - 522:15,
528:10, 529:6
**ripe** [1] - 507:1
**ripeness** [1] - 506:25
**Rule** [3] - 526:14,
527:12, 527:14
**rule** [3] - 506:23,
514:8, 514:16

## S

**satisfied** [1] - 518:8
**save** [1] - 513:17
**schedule** [1] - 527:21
**scheduled** [1] -
525:22
**second** [6] - 508:18,
515:7, 515:16,
520:15, 520:16,
521:18
**Secret** [20] - 507:17,
507:25, 508:12,
508:25, 509:2,
509:11, 511:1,
511:13, 511:20,
513:1, 513:7,
513:24, 514:21,
516:25, 517:10,
517:12, 517:20,
518:3, 521:15
**see** [2] - 509:19,
510:16
**seeks** [1] - 509:11
**send** [2] - 521:22,
527:17
**sent** [1] - 520:15
**sentenced** [1] -
528:14
**sentencing** [8] -
525:9, 526:10,
526:11, 526:21,
526:23, 528:11,

535

528:12
**separate** [2] - 515:3, 528:13
**September** [5] - 525:21, 526:13, 527:10, 528:1, 528:9
**Service** [20] - 507:17, 507:25, 508:12, 508:25, 509:2, 509:11, 511:1, 511:13, 511:20, 513:1, 513:7, 513:24, 514:21, 516:25, 517:10, 517:12, 517:20, 518:3, 521:15
**service** [2] - 524:23, 525:6
**services** [1] - 529:9
**set** [4] - 525:3, 525:8, 527:20, 528:11
**severe** [2] - 528:17, 528:19
**shocked** [1] - 529:16
**short** [1] - 529:8
**sic** [3] - 506:19, 509:17, 518:1
**side** [1] - 527:23
**signage** [4] - 515:12, 515:13, 515:17, 516:16
**signs** [2] - 515:9, 517:4
**simply** [3] - 508:4, 510:12, 524:24
**site** [5] - 507:18, 509:25, 517:12
**slightly** [1] - 515:3
**someone** [1] - 516:11
**somewhat** [1] - 525:18
**somewhere** [1] - 516:1
**soon** [1] - 520:15
**sorry** [3] - 511:8, 515:15, 524:3
**sounds** [1] - 520:24
**specific** [3] - 510:25, 513:1, 517:10
**specifically** [1] - 511:16
**spell** [1] - 510:7
**spelled** [1] - 514:18
**start** [1] - 525:25
**States** [1] - 522:15
**statute** [15] - 506:4, 507:21, 508:6, 508:9, 508:21, 510:23, 513:16, 513:22, 514:1,

514:7, 514:18, 515:1, 515:13, 516:6
**statutory** [2] - 506:11, 515:15
**stay** [1] - 529:4
**stay-away** [1] - 529:4
**step** [1] - 527:3
**still** [3] - 509:3, 525:5, 526:11
**stipulation** [3] - 511:23, 518:5, 518:6
**stipulations** [1] - 513:9
**straightforwardly** [1] - 508:20
**subject** [1] - 528:18
**submit** [1] - 529:8
**submitted** [1] - 515:5
**subpar** [1] - 529:18
**subsection** [3] - 526:17, 527:12, 527:13
**substance** [1] - 514:2
**suggested** [1] - 510:1
**suggestion** [2] - 515:12, 515:16
**suggests** [1] - 519:24

### T

**talent** [1] - 529:13
**teed** [1] - 507:6
**temporarily** [10] - 506:7, 506:8, 508:1, 508:13, 508:15, 509:11, 514:21, 514:22, 517:21
**term** [6] - 508:9, 509:8, 515:8, 516:23, 517:2, 517:17
**terms** [1] - 506:25
**terrific** [1] - 512:19
**themselves** [1] - 511:5
**therefore** [1] - 521:13
**they've** [1] - 520:16
**three** [1] - 528:5
**Three** [3] - 521:6, 521:8
**thumb** [1] - 512:4
**timing** [3] - 513:8, 518:3, 521:15
**tip** [1] - 515:22
**took** [2] - 512:21, 516:12
**transcript** [5] - 519:6, 519:12, 519:16, 520:1, 521:5
**travel** [3] - 526:8, 529:3, 529:7

**trial** [5] - 525:23, 525:25, 526:19, 527:1, 527:23
**Tuesday** [1] - 527:24
**turns** [1] - 509:24
**twist** [1] - 520:14
**two** [2] - 515:7, 521:4
**Two** [3] - 521:6, 521:7, 521:9

### U

**unclear** [1] - 509:25
**under** [5] - 508:5, 510:22, 526:14, 528:19, 528:20
**underlined** [1] - 516:25
**understood** [1] - 520:5
**unduly** [1] - 506:20
**United** [1] - 522:15
**unless** [1] - 511:8
**up** [5] - 507:5, 507:7, 516:13, 526:17, 528:15
**uses** [1] - 516:3

### V

**vague** [1] - 506:20
**vagueness** [2] - 513:17, 513:21
**VALENTINI** [26] - 506:1, 506:3, 506:16, 507:6, 507:16, 508:8, 508:19, 509:20, 510:4, 510:19, 511:15, 511:18, 512:3, 512:6, 514:10, 519:23, 520:5, 520:13, 520:23, 522:8, 525:11, 526:22, 527:1, 527:4, 527:8, 528:25
**Valentini** [4] - 507:3, 519:15, 519:22, 526:20
**verdict** [22] - 520:16, 520:18, 520:19, 520:22, 521:19, 521:24, 522:1, 522:12, 523:10, 523:13, 523:16, 523:19, 523:22, 523:25, 524:3, 524:6, 524:9, 524:12, 524:15, 524:18

**Vice** [8] - 506:6, 506:10, 506:11, 510:20, 510:25, 516:2, 517:1, 517:23
**violates** [3] - 506:18, 507:2
**violating** [1] - 528:17
**visit** [7] - 509:2, 513:1, 513:8, 513:24, 517:10, 518:4, 521:16
**visiting** [16] - 506:7, 506:8, 506:10, 506:11, 508:1, 508:13, 508:15, 508:25, 509:11, 513:8, 514:21, 514:22, 516:8, 517:21, 518:3, 521:15

### W

**waive** [1] - 526:16
**warning** [1] - 528:11
**Washington** [1] - 525:23
**ways** [1] - 519:13
**Wednesday** [1] - 527:24
**week** [10] - 525:21, 525:23, 526:3, 526:4, 526:18, 526:19, 526:23, 527:9, 527:22
**welcome** [2] - 516:19, 522:11
**West** [1] - 528:5
**whereas** [1] - 521:6
**wonderful** [1] - 528:8
**words** [1] - 514:15
**works** [2] - 527:22, 528:2
**writing** [2] - 518:17, 529:8
**written** [7] - 518:16, 518:20, 518:22, 518:25, 519:6, 519:9

### Y

**you-all** [1] - 528:6